The LUMMUS COMPANY, a Delaware
corporation, Defendant Below,
Appellant,

v.

AIR PRODUCTS AND CHEMICALS, INC.,
a Delaware corporation, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

June 6, 1968.

See also Del.Ch., 235 A.2d 274.

H. James Conaway, Jr. and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, and Shearman & Sterling, New York City, and Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant below, appellant.

Walter K. Stapleton of Morris, Nichols, Arsht & Tunnell, Wilmington, and K. Robert Conrad of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from an order of the Chancery Court granting the plaintiff's motion for a protective order against certain discovery sought by the defendant. The plaintiff moves to dismiss the appeal on the ground that the protective order is not an appealable order.

The action is for an injunction against the prosecution of a suit in Puerto Rico upon causes of action now pending between the parties in the Superior Court of Delaware. The Superior Court action seeks adjudication of certain claims arising from contracts for the construction of oil refinery facilities in Puerto Rico. A temporary restraining order was issued in the case before us, prohibiting any other action by the parties involving the subject matter of the pending Superior Court action, with the proviso that further proceedings in the Superior Court be stayed until final determination of the instant case.

Discovery proceeded in this action with the taking by the defendant of nine depositions. Subsequently, the defendant noticed five more depositions, moved for further production of documents, and sought the appointment of a commissioner to take a deposition in Puerto Rico. Thereupon, a protective order was sought by the plaintiff. In granting the protective order, the Chancery Court stated that the discovery sought by the defendant was addressed to the merits of the claims and the place where the alleged causes of action arose, rather than the sole issue in the instant

case: the ascertainment of the forum in which the claims should be litigated.

The defendant contends that the letter-opinions of the Chancery Court, preliminary to the order appealed, indicated beyond doubt that the Court has pre-judged substantial legal questions, forecasting before trial an ultimate decision adverse to the defendant as to the permanent injunction. Therefore, says the defendant, trial would be a fruitless effort to avoid entry of the injunction.

 We cannot agree that the Court's letter-opinions are that definitive. But if they are, a pre-trial indication of an adverse ruling to be expected at trial—a not uncommon occurrence at pre-trial conferences—may not become the basis of an appeal. Appeals lie to rulings actually made and orders actually entered—not those merely anticipated. If the defendant's fears are realized and the permanent injunction ultimately issues, the alleged errors, and any others that may occur, may be reviewed after final judgment.

An open door to the fragmentation of cases, which undoubtedly would result from a too-liberal rule regarding appellate review of interlocutory orders, is not in the best interests of the administration of justice. Generally speaking, appeals from the rulings on discovery fall within that proscription and will not be favored.

This appeal will be dismissed for the reason that, in our opinion, no substantial legal right was determined by the interlocutory order. The case is governed by General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755 (1968); and American Insurance Co. v. Synvar Corporation, Del., 199 A.2d 755 (1964).

The defendant relies especially upon Walsh v. Hotel Corp. of America, Del., 231 A.2d 458 (1967). The appeal in that case was from an order denying a motion to vacate or reduce the amount of an attachment bond, and from an order refusing

leave to amend the complaint and thereby introduce an alternate theory of recovery. Suffice it to say that the orders there appealed were not limited to discovery.

The appeal is dismissed.