**AIR PRODUCTS AND CHEMICALS, INC.,
a Delaware corporation, Plaintiff
Below, Appellant,**

v.

**The LUMMUS COMPANY, a Delaware cor-
poration, Defendant Below, Appellee.**

Supreme Court of Delaware.

March 31, 1969.

Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, and K. Robert Conrad, of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellant.

H. James Conaway, Jr. and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, Shearman & Sterling, New York City, and Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by Air Products & Chemicals, Inc., from a final judgment in Chancery denying a final injunction, 252 A.2d 545, preventing The Lummus Company from instituting litigation in Puerto Rico, or any other forum, involving the same claims asserted in an action commenced by Air Products against Lummus in the Delaware Superior Court.

The dispute between these parties arises out of the construction of an oil refinery in Puerto Rico. Two contracts were entered into in 1954 and 1956 by Lummus and Houdry Process Corporation, now a division of Air Products, for the design of catalytic cracking and catalytic reforming units for the refinery. Basically, Lummus claims the Houdry designs were faulty.

A claim was made against Lummus, which built the refinery, by Commonwealth Oil Refining Co., Inc., the owner. Finally, in 1966, the Commonwealth claim was settled by arbitration and Lummus asked Air Products to contribute to the settlement. Negotiations between Lummus and Air Products commenced and extended into September, 1967, at which time Lummus threatened suit.

On September 8, 1967, Air Products brought suit against Lummus in the Superior Court of Delaware. The first count sought damages in the amount of $131,-859.00. The second count sought a declaratory judgment that Air Products was not liable to Lummus for certain alleged breaches of contract or improper performance of agreements relating to the con-

544

struction of the Puerto Rican refinery. Lummus' claims in these respects are asserted in an amount in excess of $13,-000,000.00.

On September 11, 1967, Air Products filed this action in Chancery seeking an injunction against Lummus restraining it from filing any action against Air Products on any claim relating to the subject matter of the Superior Court action. Before a restraining order was issued, Lummus filed suit against Air Products in Pennsylvania.

A restraining order, and later a preliminary injunction, were issued against Lummus in accordance with the prayers of the complaint. After extensive discovery, in the course of which an appeal by Lummus from a protective order to this court was dismissed, Lummus Company v. Air Products & Chemicals, Inc., 243 A.2d 718, the parties went to final hearing and the Vice Chancellor dismissed the complaint. The issuance of a final injunction was denied because of Air Products' refusal to waive the defense of all statutes of limitation to Lummus' claims to be asserted by way of counterclaim in the Superior Court action.

The Vice Chancellor held that by all the tests of convenience to the parties, the litigation growing out of this controversy should proceed in Delaware and not in Puerto Rico as desired by Lummus. This finding was made in accordance with the tests laid down in General Foods Corporation v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681, and Kolber v. Holyoke Shares, Inc. (Del.Sup.Ct.), 213 A.2d 444, and, in our opinion, is fully supported by the record.

In its Superior Court action, Air Products sought to bar recovery on at least part of Lummus' claim by the application of the three-year Delaware statute of limitations. Lummus argues that it should be permitted to sue Air Products in Puerto Rico where it would have the benefit of a fifteen-year statute of limitations and, thus, could have a trial upon the merits of all of its claims.

It argues that the rules of *forum non conveniens,* invoked by Air Products, require that in the two jurisdictions under consideration all claims can be heard on their merits, and that this is not possible in Delaware by reason of Air Products' position that Lummus' claims are barred by the Delaware statute of limitations.

The Vice Chancellor agreed and held that a final injunction would not issue unless Air Products waived the statute of limitations plea set forth in the second count of its Superior Court complaint. Air Products thereupon moved for reargument, and offered a stipulation to the effect that "all claims now or hereafter asserted in that action by the parties thereto shall be the statute or statutes of limitations that would be applied to said claims if they were asserted in an action brought by Lummus against Air Products in Puerto Rico." Nevertheless, the Vice Chancellor denied an injunction because Air Products had not waived the defense of all statutes of limitations.

The Vice Chancellor gave no reason for requiring the waiver by Air Products of the bar of any and all statutes of limitation. Counsel has suggested none and we can think of no valid reason for such a requirement. We think, therefore, that the condition imposed amounted to an abuse of discretion, and is error.

Our reasons for this conclusion are that the convenience of the parties will be better served by a trial in Delaware, provided trial can be heard on the merits, or at least under the same limitations as would be applied if suit was brought in Puerto Rico. Indeed, Lummus objected to trial in Delaware basically because it would lose the asserted benefit of the Puerto Rican statute of limitations. The offered stipulation, we think, eliminated this objection and should have been accepted.

We will accordingly reverse the final judgment and remand with instructions to enter a final judgment ordering the issuance of a final injunction subject to the

acceptance by Lummus of a stipulation that the limitation statutes of Puerto Rico (including the Puerto Rico Borrowing Statute) shall be applied by the Superior Court in the action now pending before it; that the Delaware statute of limitations and the Delaware Borrowing Statute are waived; and that the Superior Court shall construe and apply the Puerto Rican statute of limitations and the Puerto Rican Borrowing Statute in accordance with Puerto Rican law.

We further direct that the stipulation shall be binding on the Superior Court in the pending action.

We further direct that if Lummus refuses to enter into the proposed stipulation, a final injunction will issue without condition.