**MOORE GOLF, INC., a corporation,
Defendant Below, Appellant,**

v.

**Charles M. EWING and Dorothy M. Ewing,
trading as Ewing Farms, a partnership,
Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

July 17, 1970.

William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, for defendant below, appellant.

E. Dickinson Griffenberg, Jr., of Potter, Anderson & Corroon, Wilmington, for plaintiffs below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal requires us to review the Superior Court's denial of a motion for stay of this contract case, on the ground of *forum non conveniens,* pending the outcome of certain litigation now underway in New York.*

I.

The plaintiffs below, appellees have moved to dismiss the appeal on the ground that the denial of the stay is an unappealable interlocutory order.

We have recently held that denial of a motion to dismiss on the ground of *forum non conveniens* is an appealable order because it determines the plaintiff's right to litigate in this jurisdiction and the defendant's obligation to meet the plaintiff in this

* An Order was entered on this appeal two days after oral argument. This Opinion is in support of that Order.

**52**

forum; that, therefore, it determines substantial issues and establishes legal rights. States Marine Lines v. Domingo, Del.Supr., 269 A.2d 223 (July 16, 1970). For the same reasons, we held appealable the denial of a motion for a stay on the ground of *forum non conveniens* under the facts and circumstances of this case. The motion to dismiss this appeal, therefore, was denied. Compare Annotation, 18 A.L.R.3d 400.

## II.

This is not a case involving considerations of comity and the orderly administration of justice arising from the pendency of a prior action in another jurisdiction between the same parties and involving the same issues. Compare McWane Cast Iron Pipe Corporation v. McDowell–Wellman Engineering Company, Del.Supr., 263 A.2d 281 (1970). Here, an action was brought in the Superior Court of Delaware, on September 3, 1969, by Ewing Farms (hereinafter "Ewing") against Moore Golf, Inc. (hereinafter "Moore"), alleging breach of contract. Ewing was a sub-contractor of Moore as general contractor in the construction of a golf course in New York. On September 29, 1969, Moore brought a mechanics' lien action in New York against the owner of the golf course. Ewing was not joined as a party in the New York action until April 22, 1970. In the meanwhile, the Delaware action had been scheduled for trial on May 27, 1970 and again on June 17, 1970, under peremptory rule.

The factors to be considered in determining the pure issue of *forum non conveniens* here presented are now well defined. Parvin v. Kaufmann, Del.Supr., 236 A.2d 425 (1967) ; Kolber v. Holyoke Shares, Inc., Del.Supr., 213 A.2d 444 (1965) ; General Foods Corporation v. Cryo-Maid, Inc., Del.Supr., 198 A.2d 681 (1964). Under the tests therein set forth, and having in mind that the burden on the moving party is a lesser one when a stay rather than a dismissal is sought, we hold that the appellant

failed to sustain its burden of showing factors of hardship sufficient to tip the scales in its favor. To the contrary, it appears that the New York action may not be reached for trial for some time, whereas trial in the Delaware action may be had immediately; and it is not certain that the issues in the New York action include all those contained in the Delaware action. It follows that the Superior Court acted well within the realm of its discretion in denying the stay.

For these reasons we affirmed the Order below.