**FAST FOODMAKERS, INC.,** a corporation of the State of North Carolina

v.

Sidney **GREISLER** and Silverside Corporation, a corporation of the State of Delaware.

Superior Court of Delaware, New Castle.

March 20, 1972.

**2**

David A. Drexler, Wilmington, for plaintiff.

Steven J. Rothschild, Wilmington, for defendants.

BIFFERATO, Judge.

This is the Court's order and opinion on the defendants' motion that these actions be stayed pending the outcome of another action between the parties in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff Hardee's Food Systems, Inc. (Hardee), which operates a chain of fast food service restaurants partly through independently owned franchised outlets, seeks to recover unpaid service fees from the defendants. Sidney Greisler (defendant) is a Hardee franchisee whose restaurant, operated under a written franchise agreement, is located on Concord Pike, Talleyville, Delaware. Defendant Silverside Corporation is Greisler's wholly owned corporate vehicle for operating the franchise. Plaintiffs Fast Foodmakers, Inc. and H. G. C. Construction and Equipment Company, Inc. are two wholly owned Hardee subsidiaries. The subsidiaries seek to recover, respectively, for food and supplies and for equipment furnished to the defendants under the franchise agreement. The defendants have counterclaimed against the plaintiffs for damages and filed defenses that the franchise agreement (1) violates the anti-trust laws of the United States and (2) was obtained by false and fraudulent misrepresentation.

After the commencement of these actions, the defendants commenced a class action on their own behalf and on behalf of all Hardee franchisees similarly situated against the plaintiffs and another affiliated corporation in the United States District Court for the Eastern District of Pennsylvania. Seeking relief, the defendants alleged that the Hardee franchise agreement was in violation of federal anti-trust laws. Pending a decision in the federal class action, defendants have moved for a stay in the proceedings before this Court.

■■ The power to hold an action in abeyance to abide the outcome of a suit in another court is "inherent in every court and flows from its control over the disposition of causes on its docket." General Foods Corporation v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681 (Del.Supr. 1964). In the present case, the action between the parties pending in the Federal District Court of Pennsylvania was filed *after* the Delaware actions. The Delaware Supreme Court, in McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company, 263 A.2d 281 (Del. Supr.1970), outlined the rules to be applied in Delaware for granting or denying a stay of prosecution in these circumstances. The Supreme Court in *McWane* reaffirmed its holdings in prior cases that the established rules of *forum non conveniens* are to be applied for granting a stay where "(1) no other action is pending elsewhere between the same parties involving the same issues, or (2) such other pending

action was filed subsequently to the Delaware action." McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company, supra, 263 A.2d at 284.[1] The factors to be considered in determining the issue of *forum non conveniens* have been well defined in Delaware and include:

(1) The applicability of Delaware law;

(2) The relative ease of access to proof;

(3) The availability of compulsory process for witnesses; and

(4) All other practical problems that would make the trial of the case easy, expeditious and inexpensive.

See Parvin v. Kaufmann, 236 A.2d 425 (Del.Supr.1967); Kolber v. Holyoke Shares, Inc., 9 Storey 66, 213 A.2d 444 (Del.Supr.1965); General Foods Corporation v. Cryo-Maid, Inc., supra; and Fenix & Scisson, Inc. v. Underground Storage, Inc., 262 A.2d 260 (Del.Super.1970).

 While the burden on the moving party is a lesser one when a stay rather than a dismissal is sought, the Court's discretion is sparingly exercised where there is no prior action pending elsewhere and the rules of *forum non conveniens* are applied. See McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company, supra; and Moore Golf, Inc. v. Ewing, supra. Examining the applicable criteria, the defendants' motion to stay the proceedings must be denied. The District Court suit concerns not only the parties to this action but "all other persons similarly situated under and by virtue of the Anti-Trust Law of the United States." As a class action, the number of parties and the scope of the issues in the District Court suit have greatly increased. The circumstances surrounding the lawsuit are connected with Delaware: Greisler's franchise is located in Delaware and Silverside

Corporation is a Delaware corporation. As between Philadelphia and Wilmington, inconvenience to the defendant, if any, is miniscule. Delaware is readily accessible for defense witnesses from Pennsylvania and New York. Ease of access to proof is not affected by either action: the Superior Court rules with respect to discovery procedure are modeled after the Federal Rules of Civil Procedure. No problem has been indicated in either the Delaware action or in the Pennsylvania District Court as to compulsory process for witnesses. Finally, the trial in the Delaware action may proceed at an earlier date. The District Court action at the time of the hearing on this motion had not been assigned to a judge for trial and it appears that the class action, with its special requirements, may not be reached for trial for some time.

 The defendants assert that the anti-trust defense raises serious and complicated questions of federal anti-trust law which are peculiarly suited to development and decision in the federal courts. Plaintiffs argue that defendants' anti-trust defenses are not applicable and are not properly before this Court. A motion to stay proceedings is not the proper vehicle to determine the merits of such a defense. A court does not lightly permit its jurisdiction to be rendered nugatory (Fenix & Scission Inc. v. Underground Storage, Inc., supra) or a plaintiff's choice of forum to be easily defeated. It is sufficient that there is no question that this Court has jurisdiction in these contract actions and the defendants have failed to otherwise sustain their burden of showing factors of sufficient hardship to tip the scales in their favor.

The motion to stay further proceedings is denied.

It is so ordered.

---

1. This action is not a case where a prior action is pending in another jurisdiction involving this Court in considerations of comity and the orderly administration of justice. See McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company, supra; and compare Moore Golf, Inc. v. Ewing, 269 A.2d 51 (Del.Supr.1970).