347 A.2d 657 (1975)
TEXAS CITY REFINING, INC., Defendant below, Appellant,
v.
GRAND BAHAMA PETROLEUM COMPANY, LIMITED, Plaintiff below, Appellee.
Supreme Court of Delaware.
Submitted September 10, 1975.
Decided November 10, 1975.
S. Samuel Arsht and Martin P. Tully, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellant.
Richard F. Corroon, Robert K. Payson and Michael D. Goldman, Potter Anderson & Corroon, Wilmington, for plaintiff below, appellee.
Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.
*658 PER CURIAM.
The sole question before us is whether the Superior Court abused its discretion in denying defendant's motion to dismiss plaintiff's Delaware action on the ground of forum non conveniens or, alternatively, to stay the instant proceeding pending the outcome of a suit subsequently filed by defendant and its parent corporations in Texas. Finding no abuse of discretion, and because of the imminence of the pending trial, we affirmed the lower Court's decision by letter on September 11, 1975. The following is our confirmatory opinion.
Grand Bahama Petroleum, Limited (PETCO), a Bahamian corporation, filed suit in our Superior Court against Texas City Refining, Inc. (TCR), a Delaware corporation with its principal place of business in Texas, for moneys allegedly owed PETCO for shipments of crude oil to defendant. PETCO had notice when it filed suit that TCR contemplated litigation against it and its parent, New England Petroleum Corporation (NEPCO). Following initiation of the Delaware action, TCR and its parent corporations filed suit in Texas, alleging breach of contract against PETCO and tortious interference by NEPCO. Ten days later, TCR petitioned the Superior Court on grounds of forum non conveniens to dismiss the Delaware action, or stay the proceedings pending the outcome of the subsequently filed Texas litigation. After analyzing "[t]he factors critical to an application of the forum non conveniens doctrine," the lower Court concluded that defendant "has failed to demonstrate sufficient inconveniences to tip the scales in its favor."
This ruling stems essentially from a determination that TCR failed to sustain its burden of showing inconvenience and hardship sufficient to move the Superior Court to decline or delay the exercise of its jurisdiction. Moore Gulf, Inc. v. Ewing, Del.Supr., 269 A.2d 51 (1970). Balanced against the fact that Delaware law was not involved in this dispute, and that TCR's prospective witnesses reside in Texas, the Superior Court found other factors sufficient to repel the intrusiveness of the Texas action: no prior suit was pending when the Delaware action commenced; PETCO's witnesses reside in the Bahamas and New York; records and books of NEPCO are in New York; and NEPCO, though not subject to service of process in Delaware, offered to submit to the jurisdiction of this State, thus enabling all issues between the parties to be resolved. The Superior Court also considered in this connection "the fact that the moving party is incorporated in Delaware."
From the above, it is clear that the lower Court's ruling was not an abuse of its discretion, subjecting the parties to undue inconvenience and hardship.
We take the occasion, however, of expressing disapproval of the consideration given by the Superior Court to the fact that TCR is a Delaware corporation. Despite the view that "it is somewhat unseemly for a Delaware corporation to struggle against being sued in a Delaware court", Life Assurance Co. of Pennsylvania v. Associated Investors International Corporation, Del.Ch., 312 A.2d 337, 341 (1973), the fact of Delaware incorporation has not been established as a factor to be considered in the determination of issues such as are presented here. See General Foods Corporation v. Cryo-Maid, Inc., Del. Supr., 198 A.2d 681, 684 (1964); Parvin v. Kaufmann, Del.Supr., 236 A.2d 425, 427 (1967).

* * * * * *
Affirmed.