ANR PIPELINE COMPANY, Plaintiff
Below, Appellant,

v.

SHELL OIL COMPANY, Shell Western
E & P, Inc., and Shell Offshore, Inc.,
Defendants below, Appellees.

Supreme Court of Delaware.

Submitted: May 12, 1987.
Decided: May 14, 1987.

Henry N. Herndon, (argued), Grover C.
Brown, P. Clarkson Collins, Jr., and Bar-
bara MacDonald, of Morris, James, Hitch-
ens & Williams, Wilmington, and Rebecca
H. Noecker, Colorado Springs, Colo., Eric
B. Brown, Detroit, Mich. and Robert D.
Rooney, Houston, Tex., for appellant.

G. Edward Pickle, (argued), Shell Oil Co.,
Houston, Tex., E. Norman Veasey, Allen
M. Terrell, Jr., and Stephen E. Herrmann,
of Richards, Layton & Finger, Wilmington,
for appellees.

Before CHRISTIE, C.J., and HORSEY
and HOLLAND, JJ.

PER CURIAM:

This is an interlocutory appeal from the
Court of Chancery that is being considered
by this Court on an expedited basis. All of
the parties are Delaware corporations.
The Chancery action was commenced on
September 8, 1986 with the plaintiff's re-
quest for a declaratory judgment. The un-
derlying dispute involves the proper con-
struction of a force majeure clause in con-
tracts between these parties.

Following the initiation of the Chancery
action, the parties sought to settle their
dispute and entered into a stipulation which
provided that no further litigation could be
initiated except upon notice to the other
party. On March 13, 1987, the defendants
notified the plaintiff that they intended to
file actions in the State District Court for
Lafayette Parrish, Louisiana. That same
day, the plaintiff filed and served an
amended Chancery complaint and motion
for a preliminary injunction against the de-
fendants' prosecution of an action in Louisi-
ana. The defendants responded, in Chan-
cery on March 19, 1987, with a motion to
dismiss or stay the Delaware action in fa-
vor of the new Louisiana litigation.

Following briefing and oral argument,
the Court of Chancery issued its April 2,
1987, Memorandum Opinion and Order de-

nying the plaintiff's motion to enjoin the Louisiana action and granting the defendants' motion to stay the Delaware action. On April 7, 1987, this Court entered its Order accepting the plaintiff's interlocutory appeal. The issue on appeal is the decision of the Court of Chancery to stay the Delaware litigation between these parties in favor of the subsequent litigation commenced by the defendants, in Louisiana, involving the same cause of action. Following the submission of briefs, this Court heard oral argument on May 12, 1987.

The Memorandum Opinion of the Court of Chancery properly recognized that as a general rule, (a) litigation should be confined to the forum in which it is first commenced and (b) that a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit, by commencing litigation involving the same cause of action, in another jurisdiction of its own choosing. *McWane Cast Iron Pipe Corp. v. McDowell-Wellman E. Co.*, Del.Supr., 263 A.2d 281, 283 (1970). The Court of Chancery also properly recognized that the factors to be considered in ruling on a motion to stay a Delaware action in favor of subsequent litigation are set forth in *General Foods Corp. v. Cryo-Maid, Inc.*, Del.Supr., 198 A.2d 681 (1964).

 Although the Court of Chancery acknowledged the prior pendency of the Delaware action and analyzed each of the *Cyrd-Maid* factors, the record is not clear that it did so with regard for the appropriate standard. In granting the defendant's motion to stay the Delaware litigation, it appears that the standard applied by the Court of Chancery was "which forum is the most appropriate one in which to litigate this dispute" and concluded that "the circumstances tip in favor of" the defendants' litigation in Louisiana. However, in order for a defendant to prevail on a motion to stay a plaintiff's Delaware action on the ground of *forum non conveniens*, pending the outcome of a suit subsequently filed by the defendant, the burden is upon the defendant to show inconvenience and hardship sufficient to move the Court of Chan-

cery to delay the exercise of its jurisdiction. *Texas City Refining, Inc. v. Grand Bahama Petroleum Company, Ltd.*, Del.Supr., 347 A.2d 657 (1975); *Moore Golf, Inc. v. Ewing*, Del.Supr., 269 A.2d 51 (1970).

The defendants' motion to stay the Delaware action should be reconsidered, in the first instance, by the Court of Chancery according to the appropriate standard. The interests of justice require reconsideration of the defendants' motion by the Court of Chancery and further review by this Court on an expedited basis pursuant to Supreme Court Rule 19. Therefore, the Court of Chancery is directed to reconsider the defendants' motion to stay the Delaware litigation and make a determination as to whether or not the defendants have sustained their burden of showing inconvenience and hardship sufficient to cause the Court of Chancery to delay the exercise of its jurisdiction. In reconsidering the defendants' motion to stay the instant Delaware action, the Court of Chancery should make findings of fact and conclusions of law and make a report thereof to this Court on or before May 29, 1987.

Jurisdiction is hereby retained as to all issues in this appeal.