**WILLIAMS GAS SUPPLY COMPANY, Plaintiff Below, Appellant,**

v.

**APACHE CORPORATION, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: June 11, 1991.
Decided: June 20, 1991.

Charles S. Crompton, Jr. (argued), William J. Marsden, Jr. and Lewis C. Ledyard, III of Potter, Anderson and Corroon, Wilmington, for appellant.

Edmond D. Johnson (argued), and Lawrence A. Hamermesh of Morris, Nichols, Arsht and Tunnell, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal from an opinion and order of the Superior Court that dismissed the complaint of the plaintiff-appellant, Williams Gas Supply Company ("Williams"), in favor of a subsequently filed mirror-image Colorado action. Williams filed its complaint in the Superior Court on August 1, 1990 (the "first filed Delaware action"), seeking a declaratory judgment that it had fully performed its obligations under a certain Gas Purchase Contract, as amended (the "Contract"). Two weeks later, on August 15, 1990, the defendant-appellee, Apache Corporation ("Apache") filed a mirror-image complaint

in the District Court of the City and County of Denver, Colorado (the "second filed Colorado action"). In that action, Apache sought to recover payments which it alleged were due to it pursuant to the Contract.

On August 27, 1990, Apache filed a motion in the Superior Court to dismiss or stay the first filed Delaware action on the grounds of *forum non conveniens*. The parties then entered into a stipulation staying the second filed Colorado action, pending the outcome of Apache's motion in the first filed Delaware action. The Superior Court heard arguments on that motion on October 9, 1990.[1] The opinion and order dismissing the first filed Delaware action was rendered on February 12, 1991. The second filed Colorado action has been scheduled for trial, beginning on August 5, 1991.

Williams has raised two issues in this appeal. First, Williams argues that the Superior Court erred, as a matter of law, in failing to accord Williams' choice of forum the deference to which it was entitled. Second, Williams argues that the Superior Court erred in failing to require Apache to show that it would suffer inconvenience and hardship if it was required to litigate in Delaware. We have concluded that the decision of the Superior Court should be affirmed.

### Facts

The parties are each substantial corporations. Both are incorporated in Delaware. However, neither of them does any business in Delaware. Apache's corporate headquarters are in Denver, Colorado. Williams' corporate headquarters are in Tulsa, Oklahoma.

The dispute between the parties concerns the pricing of natural gas produced by Apache from wells located principally, if not exclusively, in New Mexico. Williams acquired the right to purchase that gas from Apache by an assignment from

---

1. Pursuant to Administrative Directive # 90–2 from the President Judge of the Superior Court of the State of Delaware, the parties' memoranda to the Superior Court on the "Motion to Dismiss or Stay" were limited to four pages each. The parties' presented oral argument on the motion at an office conference on October 9, 1990.

Northwest Pipeline Company ("Northwest"). The amendment to the Contract that gave rise to the pricing dispute at issue was executed by Northwest in Utah.

Apache identified six probable witnesses who are located in Colorado. Four other probable witnesses were identified. Two of those witnesses apparently are located in Salt Lake City, Utah. The other two witnesses are located in Tulsa, Oklahoma.

### Movant's Burden of Proof

■ Williams argues that the Superior Court erred, as a matter of law, by failing to give Williams' first filed Delaware action the "great deference normally accorded to first filed suits." The deference which is properly accorded to first filed suits in Delaware is provided by placing the burden of proof upon the party who seeks to dismiss or stay a first filed action. The burden is imposed upon the moving party under such circumstances because:

> [A]s a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing....

*McWane Cast Iron Pipe Corp. v. McDowell–Wellman Engineering Co.*, Del. Supr., 263 A.2d 281, 283 (1970); *see also General Foods Corp. v. Cryo–Maid, Inc.*, Del.Supr., 198 A.2d 681, 683 (1964). The burden of proof which is placed upon the movant has been succinctly described by this Court.

> [I]n order for a defendant to prevail on a motion to stay [or dismiss] a plaintiff's [first filed] Delaware action on the ground of *forum non conveniens*, pending the outcome of a suit subsequently filed by the defendant, the burden is upon the defendant to show inconvenience and hardship sufficient to move the [trial court] to delay the exercise of its jurisdiction.

*ANR Pipeline Co. v. Shell Oil Co.*, Del. Supr., 525 A.2d 991, 992 (1987) (citing *Texas City Refining, Inc. v. Grand Bahama*

*Petroleum Co., Ltd.*, Del.Supr., 347 A.2d 657 (1975); *Moore Golf, Inc. v. Ewing*, Del.Supr., 269 A.2d 51 (1970)).

In this case, the Superior Court concluded that Williams' first filed Delaware action was commenced in anticipation of Apache's second filed action in Colorado, at a time when the parties were involved in settlement negotiations. The Superior Court stated that "[t]his kind of jockeying for position has been an important factor in Delaware decisions which have denied 'first filed' status to such suits." *See General Foods Corp. v. Cryo–Maid, Inc.*, Del.Supr., 198 A.2d 681, 683 (1964), *overruled on other grounds, Pepsico, Inc. v. Pepsi–Cola Bottling Co.*, Del.Supr., 261 A.2d 520 (1969); *Air Products and Chemicals, Inc. v. Lummus Company*, Del.Ch., 252 A.2d 545, 547 (1968), *rev'd on other grounds*, Del.Supr., 252 A.2d 543 (1969). Therefore, the Superior Court held that Williams' Delaware action should not be given the deference which is appropriately accorded to valid first filed suits.

Notwithstanding that holding, the Superior Court placed the burden upon Apache to prove inconvenience and hardship by demonstrating that the combination and weight of the appropriate factors in a traditional *forum non conveniens* analysis weighed overwhelmingly in favor of its motion to dismiss or stay Williams' first filed Delaware action. By placing that burden of proof upon Apache, we have concluded that the Superior Court did, in fact, give Williams' first filed Delaware action the deference to which a valid first filed action is entitled.

### Satisfying the Burden of Proof

■ A motion to stay or dismiss a prior pending Delaware action in favor of a later filed action should not be granted by a trial court unless it finds that the refusal to grant the motion would result in inconvenience and hardship to the movant. *ANR Pipeline Co. v. Shell Oil Co.*, 525 A.2d at 992. Moreover, the movant has the burden of proving inconvenience and hardship with particularity. *Parvin v. Kaufmann*, Del. Supr., 236 A.2d 425, 428 (1967). In *Parvin*, this Court upheld the denial of a motion to

dismiss on *forum non conveniens* grounds finding:

> [The] defendants have not shown with any particularity that hardship will be imposed upon them by the trial of this case in Delaware. The defendants have thus failed to sustain their burden of proof. An action may not be dismissed upon bare allegations of inconvenience without an adequate showing of particulars of the hardships relied upon.

236 A.2d at 428.

■ Williams argues that, in order for Apache to meet its burden of proof, this Court's opinion in *ANR Pipeline* required Apache, as the moving party, to make a threshold showing of "inconvenience and hardship" *before* the multiple *forum non conveniens* factors identified in *Cryo–Maid* are examined.[2] Thus, according to Williams, the "inconvenience and hardship" language in *ANR Pipeline* mandates a separate inquiry prior to any consideration of the multiple *forum non conveniens* factors set forth in *Cryo–Maid.* The approach suggested by Williams bifurcates and inverts the proper unitary analysis which is described in this Court's prior holdings, including its holding in *ANR Pipeline.*

The reference to "inconvenience and hardship" in *ANR Pipeline* was made in the context of defining the burden of proof which is placed upon the party who moves to stay a valid first filed action in Delaware. This Court's opinion in *ANR Pipeline* specifically stated that "the factors to be considered in ruling on a motion to stay a [first filed] Delaware action in favor of subsequent litigation are set forth in *General Foods Corp. v. Cryo–Maid, Inc.,* Del. Supr., 198 A.2d 681 (1964)." *ANR Pipeline Co. v. Shell Oil Co.,* 525 A.2d at 992. Thus, the holding in *ANR Pipeline* was a reaffirmation of the principle that the existence of a first filed action in Delaware

gives rise to a burden of proof that the moving party must meet *within the confines* of the multiple *forum non conveniens* factors identified by this Court in *Cryo–Maid.*

### Appellate Review

■ A motion to stay or dismiss on grounds of *forum non conveniens* is addressed to the sound discretion of the trial court. *Miller v. Phillips Petroleum Co. Norway,* Del.Supr., 537 A.2d 190, 202 (1988); *General Foods Corp. v. Cryo–Maid, Inc.,* 198 A.2d at 684. Accordingly, in deciding whether the Superior Court abused its discretion in granting Apache's motion in the case *sub judice,* this Court must determine whether the findings and conclusions of the Superior Court are supported by the record and are the product of an orderly and logical deductive process. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972). If they are, whether or not reasonable people could differ on the conclusions to be drawn from the record, this Court must affirm the decision of the Superior Court. *General Foods Corp. v. Cryo–Maid, Inc.,* 198 A.2d at 684.

### This Case

■ In this case the Superior Court specifically recognized that, to prevail on its motion, Apache must show inconvenience and hardship in such a way that the combination and weight of the factors to be considered balanced overwhelmingly in its favor. The *Cryo–Maid* factors which the Superior Court identified for consideration were (1) whether Delaware law is applicable; (2) the relative ease of access to proof; (3) the availability of compulsory process for witnesses; (4) the possibility of a view of the premises; (5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and (6) all other prac-

---

**2.** In *Cryo–Maid,* this Court stated: "proper to be considered are the following matters: (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate, and (4) all other practical problems that would make the trial of the case easy,

expeditious and inexpensive. We add a further factor—whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction." *General Foods Corp. v. Cryo–Maid, Inc.,* 198 A.2d at 684.

tical considerations which would make trial easy, expeditious, and inexpensive.

The Superior Court's opinion reflects that it thereafter carefully considered each of the factors it had identified. The Superior Court found that the only nexus between the dispute in this case and Delaware was that both Apache and Williams are incorporated in Delaware. The Superior Court opined that alone was not sufficient to choose Delaware as a forum. *Texas City Refining, Inc. v. Grand Bahama Petroleum Co., Ltd.*, 347 A.2d at 658. The Superior Court then concluded that the record, taken as a whole, overwhelmingly supported Apache's motion to dismiss on the basis of *forum non conveniens*.

Williams argues that, in its application of the *Cryo-Maid* factors, the Superior Court improperly focused on the relative convenience or appropriateness of the two fora, rather than upon Apache's burden, as the movant, to show inconvenience and hardship with particularity. *See ANR Pipeline Co. v. Shell Oil Co.*, 525 A.2d at 992. Apache contends that the Superior Court was obviously satisfied that Apache had met its burden of proving inconvenience and hardship by finding that the record, taken as a whole, overwhelmingly supported Apache's motion to dismiss on the basis of *forum non conveniens*. We find that Apache's position is meritorious.

The Superior Court acknowledged that it would determine whether maintaining this suit in Delaware would cause inconvenience and hardship to Apache by analyzing the multiple factors set forth by this Court in *Cryo-Maid*. It then analyzed each of those multiple factors in light of the particular facts and circumstances of this case. It determined that all of the factors which were relevant [3] favored dismissal. Accordingly, the record supports a conclusion that the Superior Court found Apache would be subject to inconvenience and hardship if it were forced to litigate the first filed action in Delaware.

3. The parties agree that there was no need for a

## Conclusion

The decision to grant Apache's motion to dismiss in this case was a discretionary act to be exercised by the Superior Court after a review of all of the facts and the pertinent law. *General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d at 684. As an exercise of discretion, the Superior Court's action on Apache's motion to dismiss will not be disturbed on appeal in the absence of a showing that it was clearly wrong. *See Miller v. Phillips Petroleum Co. Norway*, 537 A.2d at 202; *General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d at 685.

We have reviewed the facts of this case and the law applied by the Superior Court. There is nothing in the record which demonstrates that the Superior Court's decision to grant Apache's motion to dismiss Williams' first filed Delaware action was clearly wrong. Therefore, the judgment of the Superior Court is AFFIRMED.