34 A.3d 1258

CTC DEMOLITION COMPANY, INC., PLAINTIFF–RESPONDENT, v. GMH AETC MANAGEMENT/DEVELOPMENT LLC, BALFOUR BEATTY COMMUNITIES, LLC AND BALFOUR BEATTY MILITARY HOUSING, LLC, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 29, 2011—Decided January 27, 2012.

Before Judges FISHER, BAXTER and NUGENT.

*Louis R. Moffa, Jr.,* argued the cause for appellants (*Montgomery, McCracken, Walker & Rhoads,* attorneys; *Jessamyn Vogel* and *Georgette Castner,* on the briefs).

*Joseph O. Consiglio* argued the cause for respondent.

The opinion of the court was delivered by

FISHER, J.A.D.

In this appeal, we consider how the first-filed rule of comity—by which "the court which first acquires jurisdiction has precedence" over another court later acquiring jurisdiction absent "special equities," *Yancoskie v. Del. River Port Auth.,* 78 *N.J.* 321, 324, 395

*A.*2d 192 (1978)—applies when a party demands mediation or arbitration, as contractually obligated, and the adverse party brings a declaratory judgment suit in another state regarding the applicability of mediation or arbitration. We conclude that the demand for mediation in this case should be viewed as the first-filed action and, alternatively, that special equities preclude deferral to a court that later acquired jurisdiction over the dispute.

The circumstances are relatively simple. In March 2007, plaintiff CTC Demolition Company, Inc. entered into three contracts with defendant GMH AETC Management/Development, LLC,[1] for the abatement and disposal of asbestos on United States Air Force bases in Oklahoma, Texas and Arizona. These contracts contained provisions that required alternate dispute resolution in two stages—mediation followed by arbitration, if necessary.

The contracts' mediation clauses declare that "[a]ny claim arising out of or related to" the contract "shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party"; another section describes the manner in which mediation may be demanded, identifies the American Arbitration Association (AAA) as the chosen forum, insists that mediation shall "proceed in advance of arbitration or [legal action]," and stays any other proceeding pending mediation. The arbitration clauses command that "[a]ny claim arising out of or relating to" the contract "shall be subject to arbitration" following the "endeavor to resolve disputes by mediation"; other provisions identify AAA as the forum for arbitration and that "[d]emand for arbitration shall be filed in writing" with the other party and AAA.

On June 8, 2010, CTC served Balfour with a demand for mediation in New Jersey with AAA. On June 22, 2010, Balfour commenced suit in Pennsylvania seeking a judgment declaring

---

[1] Defendants Balfour Beatty Communities, LLC, and Balfour Beatty Military Housing, LLC (hereafter collectively "Balfour") succeeded to the interests of GMH in 2008.

that CTC lacked standing to enforce or sue on the contracts.[2]  On January 18, 2011, CTC commenced this action seeking a declaratory judgment regarding the propriety of its demand for mediation and thereafter, if necessary, arbitration.

The trial judge in this action entered an order on January 31, 2011, which required Balfour to show cause why it should not participate in mediation or arbitration in the manner described in the three March 2007 contracts.  Balfour argued that CTC lacked standing to enforce the March 2007 contracts, claiming CTC had previously sold its interests in those contracts to Demco Corporation.  CTC argued that it had only sold to Demco its interests in contracts executed in October 2007 and retained for itself its interests in the March 2007 contracts.  Balfour replied that the October 2007 contracts, which did not contain mediation or arbitration clauses, superseded the March 2007 contracts and mediation or arbitration no longer could be demanded because each October 2007 contract provided that it "constitutes the entire [a]greement between the parties hereto [and that] [n]o oral representations or other agreements shall be binding on the parties except to the extent expressly stated in this [a]greement."  CTC filed its president's reply certification, which asserted that the March 2007 and October 2007 contracts represented different phases of work and that the latter did not supersede the former.

The trial judge found that the March 2007 and October 2007 contracts were separate and distinct, that CTC was entitled to mediation and arbitration in accordance with the March 2007 contracts—because it was only suing for relief based on those contracts—and that the issue raised by Balfour regarding CTC's standing to seek relief on the March 2007 contracts was for an AAA arbitrator to decide.  The judge also found that the first-filed

_____

[2] The suit was originally filed on June 22, 2010, in the United States District Court for the Eastern District of Pennsylvania.  Due to lack of perfect diversity, Balfour dismissed the federal action and commenced a virtually identical action in Pennsylvania state court (hereafter "the Pennsylvania action") on September 21, 2010.

rule was implicated but that special equities precluded its application. As a result, on March 9, 2011, the judge entered an order compelling Balfour to participate in mediation and arbitration pursuant to the provisions of the March 2007 contracts.

Balfour appealed this final order, *R.* 2:2–3(a)(3), arguing again that CTC lacked standing to enforce the mediation and arbitration provisions and that the trial court erred in not deferring to what Balfour claims was the first-filed suit, namely, Balfour's Pennsylvania action.

We conclude that (1) the first-filed rule does not require deferral to the Pennsylvania action and New Jersey constitutes the natural and proper forum for resolution of the parties' disputes, but remand because (2) the trial court must first resolve questions regarding the vitality of the March 2007 contracts and their mediation/arbitration clauses in light of the later October 2007 contracts.

I

The first-filed rule, as noted at the outset, generally requires that a court with jurisdiction over a matter should defer to the court that first acquired jurisdiction over the dispute. *Yancoskie, supra,* 78 *N.J.* at 324, 395 *A.*2d 192. As explained by our Supreme Court, "[i]f we are to have harmonious relations with our sister states, absent extenuating circumstances sufficient to qualify as special equities, comity and common sense counsel that a New Jersey court should not interfere with a similar, earlier-filed case in another jurisdiction that is 'capable of affording adequate relief and doing complete justice.'" *Sensient Colors, Inc. v. Allstate Ins. Co.,* 193 *N.J.* 373, 387, 939 *A.*2d 767 (2008) (quoting *O'Loughlin v. O'Loughlin,* 6 *N.J.* 170, 179, 78 *A.*2d 64 (1951)); *see also Continental Ins. Co. v. Honeywell Int'l, Inc.,* 406 *N.J.Super.* 156, 173–75, 967 *A.*2d 315 (App.Div.2009). The rule, however, is "not ... inflexible," and "the presence of special equities may lead a court to disregard the traditional deference paid to the first-filed

action." *Sensient Colors, Inc., supra,* 193 *N.J.* at 387, 939 *A.*2d 767.

Here, the first-filed rule has been raised in a unique context because the parties' arguments initially require a determination of whether a demand for mediation or arbitration may be viewed as a first-filed action. That is, Balfour argues that its Pennsylvania action is the first-filed action and CTC's later declaratory judgment action—the matter at hand—is the second-filed action. On the other hand, CTC contends that its demand for mediation was the first-filed action and the subsequent Pennsylvania action was the second-filed action. Although the creation of the first-filed rule may have presupposed that the interplay of its principles would relate solely to which of two *lawsuits* should proceed to disposition, the proliferation of mediation and arbitration as an alternate but highly-favored method for resolving disputes since the first-filed rule's development,[3] suggests the legitimacy of CTC's argument that its demand for mediation should be treated like the filing of a complaint.[4]

The public policy in favor of arbitration invoked often in our courts, *see, e.g., Nolan v. Lee Ho,* 120 *N.J.* 465, 472, 577 *A.*2d 143 (1990), is not just a policy of this State. The Supreme Court of

---

[3] The first-filed rule "has deep roots in our federal system," *Sensient Colors, Inc., supra,* 193 *N.J.* at 386, 939 *A.*2d 767 (citing *Riggs v. Johnson Cnty.,* 6 *Wall.* 166, 73 *U.S.* 166, 196, 18 *L.Ed.* 768, 776 (1868)), and was recognized in this State as early as the decision in *Home Ins. Co. v. Howell,* 24 *N.J.Eq.* 238, 241 (Ch.1873). *See Continental Ins. Co., supra,* 406 *N.J.Super.* at 174 n. 16, 967 *A.*2d 315.

[4] We are aware of only one decision that considered whether a demand for arbitration could be viewed as a first-filed action. In *Brightpoint, Inc. v. Pedersen,* 930 *N.E.*2d 34, 41 (Ind.App.2010), when the defendant demanded arbitration in Denmark, the plaintiff responded that the Danish court system was the proper venue for their dispute. In reliance, the defendant dismissed the arbitration and filed an action in a Danish court; before the Danish action was filed, however, the plaintiff filed suit in Indiana. The *Brightpoint* court held that, in these circumstances, the trial court did not abuse its discretion in viewing the Danish action as first filed. *Ibid.*

the United States recognized in *Southland Corp. v. Keating*, 465 *U.S.* 1, 10, 104 *S.Ct.* 852, 858, 79 *L.Ed.*2d 1, 12 (1984), that, in enacting the Federal Arbitration Act, 9 *U.S.C.A.* §§ 1 to 16, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *See also Martindale v. Sandvik, Inc.*, 173 *N.J.* 76, 84, 800 *A.*2d 872 (2002). In light of this weighty public policy, we find no principled reason for viewing a demand for mediation or arbitration, contractually stipulated as a means for resolving disputes,[5] as something that has no value or less value in this analysis than a complaint filed in a civil court.

Moreover, even if we were to view a demand for contractually-required mediation or arbitration as irrelevant in determining which matter was first filed, special equities militate against a deferral to the Pennsylvania action here. Mediation was noticed to occur in New Jersey and it flows from that fact that litigation regarding the propriety of alternative dispute resolution in this case would naturally occur in New Jersey courts. Balfour may be viewed as having taken advantage of the fact that CTC had demanded mediation and, therefore, was not likely to also file a lawsuit; as a result, Balfour could shop for what it believed was a more friendly or convenient forum in an attempt to move the situs of the dispute outside New Jersey. *See Sensient Colors, Inc.*, *supra*, 193 *N.J.* at 387, 939 *A.*2d 767 (finding a special equity "when one party has engaged in jurisdiction shopping to deny the other party the benefit of its natural forum"). As further explained below, we think it necessary to remand to further examine these questions or otherwise develop the record. It suffices to

---

[5] We are mindful that CTC demanded mediation and it is arbitration that is spoken of as a highly favored method of alternative dispute resolution. We see no relevant distinction here. If the March 2007 contracts and their dispute resolution provisions apply, to obtain arbitration CTC was first required to demand and participate in mediation. As a result, we view mediation and arbitration as indistinguishable in this case.

conclude, however, that once mediation was demanded to occur in New Jersey, the later institution of the Pennsylvania action represented an untoward attempt to move the situs of this dispute, giving rise to special equity that warrants a disregarding of the Pennsylvania action.

II

Having determined that the trial judge correctly refused to defer to the Pennsylvania action, we still must examine whether he appropriately compelled mediation in light of Balfour's multifaceted argument. Balfour contends that: the March 2007 contracts and the October 2007 contracts deal with the same subject matter; the latter contracts superseded the former; the latter contracts do not contain mediation/arbitration clauses; and CTC's interests in the latter contracts were sold to Demco.

The record is rather sparse on these fact-sensitive questions. Balfour responded to the order to show cause by alluding to the October 2007 contracts that it provided to the court and the provision in the October 2007 contracts that they constitute the parties' entire agreement. In reply, CTC submitted a certification in which its president asserted that: the March 2007 contracts and the October 2007 contracts were "separate and apart" because they relate to different phases of work at the Air Force bases; that CTC only sold to Demco its interests in the October 2007 contracts; and that the demand for mediation related only to the March 2007 contracts.

The trial judge, in compelling mediation and arbitration, determined on the papers presented that the two sets of contracts were "separate and apart." Although it may be true that CTC never specifically disputed the contention that the two sets of contracts dealt with separate work and stood alone, CTC's factual contentions in this regard were not asserted until it filed its reply certification a few days before the return date of the order to show cause. The parties' factual contentions unfolded slowly and

left Balfour without an opportunity to express its full factual position regarding the relationship of the two sets of contracts.

We conclude that in these circumstances the trial judge mistakenly ruled on the factual matter without insisting on a complete record. We deem it appropriate to remand the matter for a full development of the parties' contentions regarding the relationship of the two sets of contracts and, specifically, whether the October 2007 contracts superseded the March 2007 contracts and thereby negated the mediation and arbitration provisions contained in the former. Contrary to CTC's argument, these and the other related factual questions are germane to the question of whether Balfour may be compelled to participate in mediation and arbitration; they are not questions to be mediated or arbitrated. It is the court's role to determine whether a matter is arbitrable. *N.J.S.A.* 2A:23B–6(b). Before mediation or arbitration may be compelled, the trial judge must determine whether the agreement to participate in mediation and arbitration was rescinded or otherwise negated by the October 2007 contracts. If the judge finds against Balfour on those questions, he need not determine whether CTC transferred its interests in the March 2007 contracts to Demco; that question relates to CTC's standing to recover on the arbitrable claims not on whether the claims are arbitrable and is, thus, a matter to be decided by the arbitrator. *N.J.S.A.* 2A:23B–6(c). We remand for further proceedings, including, if necessary, a period of discovery and an evidentiary hearing commensurate with the undertaking.

The order under review is vacated and the matter remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.