**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

AVAYA, INC., )
)
        Plaintiff, )
)
        v. ) C.A. No. N14C-03-052 EMD CCLD
)
CHARTER COMMUNICATIONS )
HOLDING COMPANY, LLC and )
CHARTER COMMUNICATIONS, INC., )
)
        Defendants. )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CHARTER
COMMUNICATIONS HOLDING COMPANY, LLC AND CHARTER
COMMUNICATIONS, INC.'S RENEWED MOTION TO STAY ACTION
IN FAVOR OF PENDING NEW JERSEY ACTION**

This 1st day of May, 2015, upon consideration of the Motion of Defendants Charter

Communications Holding Company, LLC and Charter Communications, Inc. (collectively,

"Charter") to Dismiss or, in the Alternative, Stay This Action in Favor of Pending New Jersey

Action (the "Motion"); Plaintiff Avaya, Inc.'s ("Avaya") Opposition to Defendants Charter

Communications Holding Company, LLC and Charter Communications, Inc.'s Renewed Motion

to Dismiss or Stay (the "Response"); Charter's Reply Brief in Support of Its Renewed Motion to

Dismiss, or in the Alternative, Stay This Delaware Action in Favor of Pending New Jersey

Action (the "Reply"); the Court having held a hearing and heard arguments from the parties on

the Motion, the Response and the Reply on April 13, 2015; the letter dated April 15, 2015 from

David M. Fry to the Honorable Eric M. Davis; the letter dated April 20, 2015 from Andrew D.

Cordo to the Honorable Eric M. Davis, the Court finds as follows:

1.      The first day on which the parties could file suit in court after the mediation was

March 6, 2014. Charter and Avaya both filed suit on March 6, 2014. Avaya filed this suit (the

"Delaware Action") electronically at 12:01 a.m..  Avaya asked for declaratory relief and attorneys fees and costs and claimed that Charter is barred from recovery.  On the same day, Charter filed suit (the "New Jersey Action") against Avaya in the Superior Court of New Jersey, Law Division: Somerset County (the "New Jersey Court").  Charter could not file suit until after the New Jersey Court operating hours on March 6, 2014 because New Jersey does not have electronic filing.  Charter asked Avaya's counsel to accept service on that day, but Avaya's counsel refused.  Charter served Avaya with process on March 11, 2014.  Avaya did not serve Charter until March 28, 2014.

2.    On May 7, 2014, Charter filed a motion in New Jersey to dismiss or stay the New Jersey Action pending the Delaware Action.  On June 24, 2014, the New Jersey Court dismissed the case, holding that the Delaware Action was the first filed action and that Charter could obtain adequate relief in this Court.  Subsequently, on October 6, 2014, the New Jersey Court reconsidered its earlier decision and held that, under New Jersey law, the New Jersey Action was the first filed action and that this Court could not provide Charter adequate relief in the Delaware Action.

3.    The New Jersey Court relied on a three-factor test under New Jersey law.  Under this test, a defendant must show that (1) there is a first-filed action in another state, (2) both actions have the same parties, claims, and legal issues, and (3) the plaintiff has the opportunity to obtain adequate relief in the first-filed jurisdiction.  If all of the factors are met, then the burden is moved onto the plaintiff to prove that there are "special equities" that are compelling enough to let the New Jersey action proceed.  The New Jersey Court held that the first prong was not met because the New Jersey Action was first-filed under *CTC Demolition Co. v. GMH AETC Management/Development LLC*, which states that a demand for mediation may be regarded as a

2

first-filed action.[1]  Further, the New Jersey Court held that the third prong of the test was not met because Avaya could not demonstrate that Charter would have the opportunity to receive adequate relief due to the expired statute of limitations in Delaware.

4.     After the October 6, 2014 decision by the New Jersey Court, on November 3, 2014, Charter filed the Motion.  Avaya opposed the Motion through the Response.  On January 21, 2015, Avaya filed an action in the Delaware Court of Chancery to enjoin the New Jersey Action.

5.     The Court has considered a number of uncontested facts.  In September 2006, Ronald A. Katz Technology Licensing, L.P. filed a suit for patent infringement against Charter, among others.  Charter purportedly told Avaya about the law suit, but Avaya claimed that the suit was the result of Charter mixing Avaya with non-Avaya products.  Under the Master Purchase/Service Agreement, Charter and Avaya were to negotiate in good faith in case of a dispute.  If that failed after forty-five days, Charter and Avaya were to go through non-binding mediation with the American Arbitration Association.  If the mediation was unsuccessful, then the parties could begin an arbitration or litigation.  Here, Charter alerted Avaya to the dispute in April 2013 and they had an unsuccessful mediation in February 2014.

6.     The Court has also considered that the statute of limitations in New Jersey is six years compared to three years in Delaware.[2]  Absent tolling, Charter's cause of action against Avaya may be time-barred in Delaware; however, Charter can pursue its cause of action in New Jersey because, in New Jersey, the statute of limitations has not run yet.  Charter is incorporated in Delaware and its principal places of business appear to be in Missouri.  Charter does not presently do business in and has no employees in New Jersey.  Avaya is incorporated in

---

[1] *CTC Demolition Co. v. GMH AETC Mgmt./Development LLC*, 34 A.3d 1258 (N.J. Super. Ct. App. Div. 2012).
[2] N.J. STAT. ANN. § 2A:14-1; 10 DEL. CODE ANN. §§ 8106, 8121.

Delaware. Avaya initially identified its principal place of business in New Jersey, but Avaya amended its complaint in the Delaware Action on May 13, 2014 to identify California as its principal place of business.

7. In Delaware, a trial court may use its discretion when deciding whether to stay or dismiss a case in favor of another jurisdiction's action.[3] When the Supreme Court reviews a case for abuse of discretion, it decides whether the Superior Court's "findings and conclusions . . . are supported by the record and are the product of an orderly and logical deductive process."[4]

8. This Court must now decide whether to defer to the decision by the New Jersey Court and stay the case or to conduct its own legal analysis on whether the Delaware Action or the New Jersey Action was filed first. The Court may follow the doctrine of comity, which applies when two courts have "concurrent jurisdiction over the same matter."[5] The doctrine is not a legal rule but "an expression of one state's entirely voluntary decision to defer to the policy of another, especially in the face of a strong assertion of interest by the other jurisdiction."[6] A court may use its discretion to stay a matter if the same matter is pending in a different court because a court "should not assume to disturb another court's disposition of a controversy unless there are good reasons for doing so."[7]

9. The Delaware Supreme Court recently applied the doctrine of comity in two related cases, *First Health Settlement Class v. Chartis Specialty Insurance Company* and *Corvel Corporation v. Homeland Insurance Company of New York*.[8] *First Health* depended on whether the Delaware Supreme Court should defer to an interpretation of a Louisiana statute by the

---

[3] *Williams Gas Supply Co. v. Apache Corp.*, 594 A.2d 34, 37 (Del. 1991).
[4] *Id.*
[5] 16 AM. JUR. 2D *Conflict of Laws* § 11 (2015).
[6] *Id.* (internal footnotes omitted).
[7] *Id.*
[8] *Corvel Corp. v. Homeland Ins. Co. of N.Y.*, 2015 WL 1021459 (Del. Mar. 6, 2015); *First Health Settlement Class v. Chartis Specialty Ins. Co.*, 2015 WL 1021443 (Del. Mar. 6, 2015).

4

Louisiana Court of Appeals from collateral litigation.[9] In a 3-2 decision with a dissent, the Delaware Supreme Court adopted the Louisiana court's interpretation, instead of using Delaware law.[10] Both the majority and the dissent addressed the doctrine of comity. The Court acknowledged that "[c]omity permits one state to give effect to the laws of a sister state, not out of obligation, but out of respect and deference."[11] The dissent agreed that comity is important and that courts should try to avoid conflicting rulings.[12] The dissent disagrees with the majority because the Louisiana court should have shown comity to Delaware courts[13] and because following what the Louisiana court decided would be "demonstrably unfair" to the parties.[14] The *Corvel* decision is nearly identical to the *First Health* decision.[15]

10. This Court is going to apply the doctrine of comity here and stay this action in deference to the New Jersey Action. The New Jersey Court has already decided that the New Jersey Action is the first filed action and that the matter should proceed in New Jersey. In this case, staying the Delaware Action out of deference to the New Jersey court would avoid confusion, particularly on the issue of whether the New Jersey Action or the Delaware Action was filed first. As stated by the Delaware Supreme Court, the doctrine of comity is important and courts should try to avoid issuing conflicting rulings on the same issue.[16]

11. The Court does need to clarify some matters that were discussed in the New Jersey Court's October 6, 2014 decision. This Court is a court of law and does not provide affirmative equitable relief as that jurisdiction lies exclusively with the Delaware Court of

---

[9] *First Health*, 2015 WL 1021443, at *3-6.
[10] *Id.* at *4-5.
[11] *Id.* at *4.
[12] *Id.* at *6.
[13] "Had the Louisiana trial court itself showed comity by staying its hand after the Delaware Superior Court made the first ruling in the coverage issue and letting this case run its course to finality, the conflict the Majority Opinion is trying to avoid would not have arisen in the first instance." *Id.* at *12.
[14] *Id.*
[15] *Corvel*, 2015 WL 1021459.
[16] *First Health*, 2015 WL 1021443, at *6.

5

Chancery. However, the Court does have available to it what the New Jersey Court described as "equitable defenses" and the ability to apply equitable tolling doctrines. Rule 8 of the Superior Court Civil Rules expressly lists available affirmative defenses.[17] Under Rule 8, the Court recognizes defenses that were once considered "purely equitable defenses in nature," including laches.[18] Moreover, the Court has the power to toll the statute of limitation under a number of theories including, among others, under (i) the discovery rule, (ii) fraudulent concealment, and (iii) equitable tolling.[19]

12. As was stated by the Court at the hearing on the Motion, the Court is unclear why the attorneys for the parties did not provide readily available Delaware case law on these issues to assist the New Jersey Court when it made its decision on October 6, 2014.[20] Accordingly, as part of this Order, this Court is requiring Charter's counsel to provide this Order to the New Jersey Court.

13. The Court will stay this action. However, the Court finds no reason to dismiss this action until a final resolution is reached in the New Jersey Action.[21]

**IT IS ORDERED** that the Motion is **GRANTED in part** and **DENIED in part**. In addition, counsel for Charter is to provide a copy of this Order to the Superior Court of New Jersey, Law Division: Somerset County within ten (10) days.

/s/ *Eric M. Davis*
Eric M. Davis
Judge

---

[17] Super. Ct. Civ. R. 8(c).

[18] *See, e.g., John Petroleum, Inc. v. Parks*, C.A. No. 06C-10-039 FSS, 2010 WL 3103391, at *7 (Del. Super. June 4, 2010); *USH Ventures v. Global Telesystems Group, Inc.*, 796 A.2d 7, 18-20 (Del. Super. 2000).

[19] *Van Lake v. Sorin CRM USA, Inc.*, C.A. No. 12C-04-036 JRJ CCLD, 2013 WL 1087583, at * 7-8. (Del. Super. Feb. 15, 2013).

[20] *See Del. Rules of Prof'l Conduct R.* 3.3(2)(stating that an attorney must disclose to the tribunal legal authority in the controlling jurisdiction known by the lawyer to be directly adverse to the position of the client).

[21] This is consistent with the argument made by Charter in the New Jersey Action on reconsideration that the New Jersey Court should not have dismissed the New Jersey Action with prejudice.