**MAR–LAND INDUSTRIAL CONTRACTORS, INC., Plaintiff Below, Appellant,**

v.

**CARIBBEAN PETROLEUM REFINING, L.P., Defendant Below, Appellee.**

**No. 526,2000.**

Supreme Court of Delaware.

Submitted: June 19, 2001.

Decided: July 25, 2001.

Judith Nichols Renzulli, Esquire and Frank E. Noyes, Esquire, Duane, Morris & Heckscher LLP, Wilmington, Delaware and Of Counsel: George D. Wenick, Esquire (argued) and Peter M. Crofton, Esquire, Smith, Currie & Hancock LLP, Atlanta, Georgia, for Appellant.

Frederick L. Cottrell, III, Esquire (argued) and Michael K. Reilly, Esquire, Richards, Layton & Finger, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, and STEELE, Justices.

WALSH, Justice.

In this appeal from the Superior Court, the Appellant, Mar–Land Industrial Contractors, Inc. ("Mar–Land"), contends that the trial court misapplied the doctrine of *forum non conveniens* in granting the motion to dismiss of Appellee, Caribbean Petroleum Refining, L.P. ("Caribbean"). Mar–Land argues that the trial court erred as a matter of law by improperly applying a balancing test in ruling on Caribbean's motion. We conclude that the Superior Court failed to employ the appropriate standard in considering Caribbean's motion to dismiss for *forum non conveniens*. Accordingly, we reverse.

I

Mar–Land is incorporated and has its principal place of business in Puerto Rico. Caribbean is a Delaware Limited Partnership and also maintains its principal place of business in Puerto Rico. The underlying dispute arises out of a series of purchase order contracts issued by Caribbean that called for Mar–Land to provide labor and materials for construction and maintenance activities at Caribbean's oil refinery in Puerto Rico. Mar–Land alleges that Caribbean has paid for some of the work performed, but has refused to pay the balance.

Mar–Land filed its complaint in the Superior Court asserting claims for breach of contract due to nonpayment under the agreements between the parties as well as claims in *quantum meruit*. At the time this action was filed, there was no other action pending between the parties in Puerto Rico or elsewhere. Caribbean did not file an answer to Mar–Land's complaint but filed a motion to dismiss on grounds of *forum non conveniens*. After briefing, but without discovery, the Superior Court granted Caribbean's motion to dismiss for *forum non conveniens*. This appeal followed.

II

Generally, a trial court's decision to dismiss a complaint on the ground of *forum non conveniens* is reviewed by this Court for an abuse of discretion. *See Williams Gas Supply Co. v. Apache Corp.*, Del.Supr., 594 A.2d 34, 36 (1991). Whether the trial court applied the appropriate legal standard in considering a motion to dismiss, however, presents this Court with a question of law that is reviewed *de novo*. *See Ison v. E.I. duPont De Nemours & Co., Inc.*, Del.Supr., 729 A.2d 832, 847 (1999).

Mar–Land contends that the trial court applied the wrong standard in granting Caribbean's motion to dismiss for *forum non conveniens* . Specifically, Mar–Land contends that the trial court improperly employed a balancing test in reviewing the factors pertinent to a *forum non conveniens* motion and erred in determining that, as compared to Delaware, Puerto Rico would be a better forum for this dispute. Caribbean counters that it has met its burden of demonstrating that requiring it to defend this action in the Delaware Superior Court would result in an overwhelming hardship. Caribbean asserts that the Superior Court applied the correct legal standard and properly analyzed and applied the facts of this case to the factors outlined in *General Foods Corp. v. Cryo–Maid, Inc.*, Del.Supr., 198 A.2d 681 (1964), *overruled in part on other grounds sub. nom., Pepsico, Inc. v. Pepsi–Cola Bottling Co.*, Del.Supr., 261 A.2d 520 (1969).

The standards that govern a motion to dismiss on grounds of *forum non*

*conveniens* are well-established under Delaware Law. *See Warburg, Pincus Ventures, L.P. v. Schrapper,* Del.Supr., 774 A.2d 264, Veasey, C.J. (2001); *Ison,* 729 A.2d 832; *Taylor v. LSI Logic Corp.,* Del. Supr., 689 A.2d 1196 (1997); *Cryo–Maid,* 198 A.2d 681. A plaintiff seeking to litigate in Delaware is afforded the presumption that its choice of forum is proper and a defendant who attempts to obtain dismissal based on grounds of *forum non conveniens* bears a heavy burden. *See Williams Gas Supply,* 594 A.2d at 36; *ANR Pipeline Co. v. Shell Oil Co.,* Del. Supr., 525 A.2d 991 (1987). The plaintiff's choice of forum is accorded even more weight where, as here, there are no other previously filed actions pending. *See Taylor,* 689 A.2d at 1199 (stating that "judicial discretion is to be exercised sparingly where, as here, there is no prior action pending elsewhere").

■ Indeed, only in a "rare case" will a complaint filed in Delaware be dismissed on the grounds of *forum non conveniens. See Ison,* 729 A.2d at 835. To succeed, the defendant must establish that litigating in Delaware would impose upon it an "overwhelming hardship". *See Warburg, Pincus,* 774 A.2d at 267, ("Our jurisprudence is clear that a complaint will not be dismissed on the ground of *forum non conveniens* without a showing of overwhelming hardship."); *see also Ison,* 729 A.2d at 835 (stating that to succeed in obtaining dismissal of a complaint for *forum non conveniens* the defendant must show that "the burden of litigating in this forum is so severe as to result in manifest hardship to the defendant"). In determining whether the defendant has met this burden, the trial court must consider the six factors adopted by this Court in *Cryo–Maid,* 198 A.2d at 684, and recently applied in *Warburg, Pincus,* 774 A.2d at 267. These six factors are:

(1) the relative ease of access to proof;

(2) the availability of compulsory process for witnesses;

(3) the possibility of the view of the premises;

(4) whether the controversy is dependent upon the application of Delaware law which Delaware courts more properly should decide than those of another jurisdiction;

(5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and

(6) all other practical problems that would make the trial of the case easy, expeditious and inexpensive.

*Warburg, Pincus,* 774 A.2d at 267; *see also Ison,* 729 A.2d at 837–38; *Taylor,* 689 A.2d at 1198–99. The defendant must show "with particularity" that one or more of these factors, individually or together, imposes an "overwhelming hardship" on the defendant. *Ison,* 729 A.2d at 838; *see also Williams,* 594 A.2d at 36 ("[T]he movant has the burden of proving inconvenience and hardship with particularity."); *Taylor,* 689 A.2d at 1197 ("The defendant has not established with particularity on this record that it would be subjected to overwhelming hardship and inconvenience if required to litigate in Delaware."). It is insufficient "that all of the *Cryo–Maid* factors may favor defendant" or that "another court would be a 'more appropriate forum.'" *Ison,* 729 A.2d at 838. Satisfying the "overwhelming hardship standard" requires a defendant to demonstrate that this "is one of the rare cases where the drastic relief of dismissal is warranted based on a strong showing that the burden of litigating in this forum is so severe as to result in manifest hardship to the defen-

dant."[1] *Ison,* 729 A.2d at 842; *see also id.* at 835. The analysis is not controlled by the number of *Cryo–Maid* factors that favor the plaintiff's chosen forum. *Cf. Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. Partnership,* Del. Supr., 669 A.2d 104, 108 (1995) ("Thus, it does not matter whether only one of the *Cryo–Maid* factors favors defendant or all of them do. The issue is whether any or all of the *Cryo–Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware. Absent such a showing, plaintiff's choice of forum must be respected.").

■■■ After discussing each of the *Cryo–Maid* factors the Superior Court ruled:

I do think [the overwhelming hardship standard is] a relative standard, meaning relative as to the Puerto Rican site of litigation versus Delaware. If you were to say that because of the financial size of a particular defendant that no litigation would ever really be an overwhelming hardship because they couldn't afford it, it has thousands of lawsuits going on all over the country, probably ... no dismissal motion on the grounds of forum non conveniens would ever be granted. I think the overwhelming hardship means vis-à-vis the other place of litigation.

Ultimately, the Superior Court concluded that forcing Caribbean to litigate this dispute in Delaware would constitute an overwhelming hardship.

■■■ Our jurisprudence makes clear that, on a motion to dismiss for *forum non conveniens,* whether an alternative forum would be more convenient for the litigation, or perhaps a better location, is irrelevant. *See, e.g., Taylor,* 689 A.2d at 1197

("We hold that the trial court in this case did not apply the proper legal standards in dismissing this action on the ground that a Canadian court would be a 'more appropriate forum.'"); *Ison,* 729 A.2d at 835 ("We hold that a trial court, in applying the doctrine of *forum non conveniens,* may not rest its analysis on the conclusion that 'there is a better forum.'"). In determining whether to grant or deny a motion to dismiss on *forum non conveniens* grounds, the trial court is not permitted to compare Delaware, the plaintiff's chosen forum, with an alternate forum and decide which is the more appropriate location for the dispute to proceed. Rather, the trial court must focus on whether the defendant has demonstrated with particularity, through the *Cryo–Maid* factors, that litigating in Delaware would result in an overwhelming hardship to it. While the Superior Court applied the *Cryo–Maid* factors here, the court erred because it required Caribbean merely to demonstrate that Puerto Rico was a better forum in which to proceed as compared to Delaware. As discussed above, our jurisprudence requires more of a defendant seeking to have a complaint dismissed on the grounds of *forum non conveniens.*

■■■ Moreover, the trial judge emphasized Mar–Land's concession that the litigation's only connection to Delaware was Caribbean's status as a Delaware entity and stated that, "I believe that the fact of Delaware incorporation alone is not sufficient to support a choice of Delaware as a forum." This Court, however, has determined that the *forum non conveniens* analysis is not altered where the only connection to Delaware is the defendant's status as a Delaware entity. In *Ison,* we

---

1. We recognized in *Ison* and *Warburg* that, while it is a rare case where the defendant will be able to make such a strong showing, the overwhelming hardship standard is not "preclusive". *Warburg, Pincus,* 774 A.2d at 267; *Ison,* 729 A.2d at 842.

stated that "[t]his is not a case of weighing the foreign plaintiffs' choice of forum (whether it be 'forum shopping' or not) against a defendant whose only connection is that it is incorporated in Delaware. We need not express an opinion on such a case because it is not before us." *Ison,* 729 A.2d at 842–43. In *Warburg,* which was released after the trial court's ruling in this matter, the plaintiff contended that, based on the above-quoted language from the *Ison* case, a lesser burden applied because the suit was brought by a foreign plaintiff and the only connection to this State was the defendant's status as a Delaware limited partnership. We rejected this argument, stating that "the traditional showing a defendant must make in order to prevail on a motion to dismiss on the ground of *forum non conveniens* " is not varied where a dispute's only connection to Delaware is the fact that the defendant is a Delaware entity. *Warburg, Pincus,* 774 A.2d at 267. Reaffirming the importance of the overwhelming hardship analysis, we noted that " '[t]he issue is whether any or all of the *Cryo–Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware." ' *Warburg, Pincus,* 774 A.2d at 268 (quoting *Chrysler First Bus. Credit Corp.,* 669 A.2d at 108).

■ Caribbean argues that each of the six *Cryo–Maid* factors favors dismissal of this action and that it has established overwhelming hardship. Mar–Land counters that Caribbean has not put forth evidence sufficient to sustain a finding of overwhelming hardship. Specifically, Mar–Land contends that, because there is no evidence in the record of what defense Carribean proposes to rely on, it is impossible to determine what factors of proof create "overwhelming hardship in defending this debt claim in Delaware."

To succeed on a motion to dismiss for *forum non conveniens,* a defendant must establish overwhelming hardship through the *Cryo–Maid* factors, and the defendant must do so with particularity. *See Ison,* 729 A.2d at 838. Bare allegations of hardship are insufficient. *See Taylor,* 689 A.2d at 1199 ("An action may not be dismissed upon bare allegations of inconvenience without a particularized showing of the hardships relied upon."). The defendant must put forth particularized evidence demonstrating that, for each *Cryo–Maid* factor relied upon, requiring the litigation to proceed in Delaware will result in overwhelming hardship. *See Parvin v. Kaufmann,* Del.Supr., 236 A.2d 425, 428 (1967) ("An action may not be dismissed upon bare allegations of inconvenience without an adequate showing of particulars of the hardships relied upon."). Here, Caribbean has failed to make the required showing.

The only evidence submitted by Caribbean to support its motion were two affidavits from Julio Hernandez, the manager of Caribbean's Puerto Rico refinery. The first Hernandez affidavit stated that: "No potential witnesses, parties, documents or other evidence resides or is located in Delaware. Most, if not all, of the witnesses that Caribbean Petroleum *may* call at a trial or who *may* have information about this case reside in Puerto Rico." (Emphasis supplied). This affidavit further asserted that (i) it would be costly and inconvenient for Caribbean's employees to travel to Delaware, (ii) most of the documents relating to the contract are located in Puerto Rico, (iii) the agreements at issue were negotiated in Puerto Rico, and (iv) the work was performed in Puerto Rico. The second Hernandez affidavit stated that Caribbean employed two Puerto Rican companies to inspect the work performed by Mar–Land at the Caribbean refinery and that Caribbean *"may* call" employees of these companies as wit-

nesses. (Emphasis supplied). The second affidavit further stated that documents related to the action *"may* be located" in the offices of these Puerto Rican companies. (Emphasis supplied). As previously noted, Caribbean has not filed an answer to Mar–Land's complaint nor has it otherwise detailed the grounds of any potential defenses it may raise to the claims set forth in Mar–Land's complaint or the grounds of any counterclaims it may assert.

Caribbean has not established with particularity on this record that it will suffer overwhelming hardship if required to litigate in Delaware. Caribbean has not identified any specific pieces of evidence necessary to its defense that it will not be able to produce in Delaware. Furthermore, the allegations made by Caribbean and the averments in the Hernandez affidavits do not establish that requiring Caribbean to move forward in Delaware would impede its access to the testimony of witnesses. Aside from a vague reference that it may call as witnesses employees of two Puerto Rican companies that inspected work performed by Mar–Land, Caribbean has not even specifically identified any potential witnesses it would likely call at a trial. Indeed, there has been no showing that Caribbean will not be able to produce in Delaware witnesses important to its case, nor has it explained why testimony of potentially unavailable witnesses could not be presented by deposition. *See States Marine Lines v. Domingo,* Del.Supr., 269 A.2d 223, 226 (1970) ("The defendant may not prevail on this ground because it failed to particularize sufficiently the hardship it claims in this connection. It did not name the witnesses it deemed necessary to call; or demonstrate their number; or show their relationship to this case; or explain why their testimony could not be presented in Delaware by deposition."). In addition, Caribbean has not attempted to iden-

tify the testimony that would be provided by the third-party witnesses it may call if a trial were to be held nor has it identified evidence that is somehow relevant to this dispute that these witnesses would provide. *See id; see also Warburg, Pincus,* 774 A.2d at 268.

The Hernandez affidavits amount to nothing more than bare allegations that litigating in Delaware may be less convenient than litigating in Puerto Rico. These affidavits fail to make a particularized showing that witnesses, documents, or other evidence necessary to defend the allegations contained in Mar–Land's complaint cannot be brought to or otherwise produced in Delaware. The underlying dispute in this case is essentially a collection action. According to Mar–Land, the only documentary evidence supporting these claims are the contracts between the parties and the work orders signed by Caribbean, information that has already been filed in Delaware as exhibits to the complaint. Without any indication from Caribbean as to what its defense or defenses may be, there is nothing to rebut Mar–Land's assertion that this matter really amounts to a "paper case". Therefore, we conclude that Caribbean cannot sustain its burden because it has failed to present particularized evidence of the hardships it would be forced to endure if required to litigate in Delaware. Accordingly, Caribbean's motion to dismiss on the grounds of *forum non conveniens* is insufficient as a matter of law.

III

In considering Caribbean's motion, the Superior Court improperly weighed the plaintiff's chosen forum versus the defendant's preferred forum, a balancing analysis not contemplated by this Court's *forum non conveniens* jurisprudence. Moreover,

as this Court recently decided, the fact that a litigation's only connection to Delaware is the defendant's status as a Delaware entity does not alter the *forum non conveniens* analysis. Finally, the evidence submitted by Caribbean constitutes mere allegations of hardship and is insufficient as a matter of law. Accordingly, for the foregoing reasons, the decision of the Superior Court is REVERSED and the matter REMANDED for further proceedings.[2]

---

2. After completion of briefing in this matter, Caribbean moved to supplement the record to present evidence that Mar–Land had filed suit in Puerto Rico against another entity involving a dispute in Caribbean's refinery in Puerto Rico. In our view, the pendency of another action involving different parties has no relevance to the question of *forum non conveniens*. Accordingly, we have given no consideration to the material sought to be added to this record.