## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARMELLE PETIT, Individually and as
Administrator of the Estate of JEAN
PIERRE PETIT; MARQUIS PETIT;
JULIEN PETIT; and JANIQUE BAIRD,

          Plaintiff,

          v.

TRI-STATE WHOLESALE FLOORING,
LLCO; CROWN PRODUCTS, INC.; and
MARK ALAN AKKERMAN,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N23C-04-095 FJJ

Submitted: June 15, 2023
Decided: June 22, 2023

## OPINION AND ORDER

*On Defendants' Motion to Dismiss Plaintiffs' Complaint*

**DENIED**

*Andrew C. Dalton, Esquire,* Dalton & Associates, Wilmington, Delaware, Attorneys for Plaintiff.

*Elizabeth A. Sloan, Esquire and Fred G. DeRitis, Esquire,* Ballard Spahr, LLP, Wilmington, Delaware, Attorneys for Defendant.

**Jones, J.**

On June 9, 2022 Jean Pierre Petit ("Petit"), a Canadian resident, was operating a bicycle southbound on Interstate 29 in Deuel County, South Dakota. Mark Alan Akkerman ("Akkerman"), a resident of Brandon, South Dakota, was also traveling southbound on Interstate 29 operating a 2015 semi-truck. Akkerman and Petit collided, and Petit died as a result of the injuries sustained in the collision.

Carmelle Petit is the spouse of Petit. Marquis Petit, Julien Petit and Janique Baird are the children of Petit. They are all residents of Manitoba, Canada.

Tri-State Wholesale Flooring, LLCO, ("Tri-state") and Crown Products, Inc. ("Crown") are Delaware corporate entities. Tri-State is headquartered in Sioux Falls, South Dakota. Tri-State provides retail flooring products in Montana, Wyoming, North Dakota, South Dakota, Nebraska, Minnesota and Iowa. Crown is headquartered in Minneapolis, Minnesota. Crown makes flooring products with locations and employees in Missouri, North Dakota, South Dakota, Nebraska, Minnesota, Iowa, Wisconsin, Colorado, Montana, Michigan, Ohio, Kansas, Illinois, Kentucky and Indiana.

Carmelle Petit, individually and as the Administrator of her husband's estate has filed this personal injury and wrongful death action on behalf of her husband's estate, herself and Petit's children. The original complaint alleged that, at the time of the accident, Akkerman was in the course and scope of his employment with Tri-State and/or Crown and as such these corporate entities were vicariously liable to the plaintiffs due to Akkerman's actions. The complaint also included direct claims

against Tri-state and Crown for the negligent hiring and/or training of Akkerman. There were also direct claims against Akkerman for his own actions in operating the truck.

On May 16, 2023 the instant Motion to Dismiss was filed. The Motion moved to dismiss the claims against Akkerman due to a lack of personal jurisdiction and to dismiss all claims against all defendants on the basis of *forum non conveniens*. On May 19, 2023 the claims against Akkerman were voluntarily dismissed by plaintiffs. On that same day an Amended Complaint was filed against Tristate and Crown repeating all of the same claims against Tristate and Crown that were in the original complaint.

The instant motion invokes Superior Court Civil Rule 12(b)(3) and the doctrine of *forum conveniens.* Because defendants have not shown that they would face overwhelming hardship if forced to defend this particular action in Delaware, its motion to dismiss is DENIED.

## II. STANDARD OF REVIEW

"A motion raising *forum non conveniens* is a request that a court possessing both personal and subject matter jurisdiction over an action nevertheless decline to hear it."[1] A motion to dismiss relying on the doctrine of *forum non conveniens* is granted only in the rare case where undue, overwhelming hardship and

---

[1] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 234 A.3d 1186, 1193 (Del. 2020) ("*GXP Cap. I*"), *aff'd*, 253 A.3d 93, 97 (Del. 2021) (citing *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. P'ship.*, 669 A.2d 104, 106 (Del. 1995)).

3

inconvenience truly is visited on the protesting defendant hailed here.[2]   Indeed,

Delaware courts are "hesitant to grant [relief] based on *forum non conveniens*, and

the doctrine is not a vehicle by which the Court should determine [merely] which

forum would be most convenient for the parties."[3]  Whether to grant relief via *forum*

*non conveniens* is left to the trial courts' discretion.[4]  And when deciding a motion

to dismiss invoking *forum non conveniens*, the Court applies the well-worn *Cryo-*

*Maid* factors.[5]  Those are:

> (1) the relative ease of access to proof; (2) the availability of
> compulsory process for witnesses; (3) the possibility of the view of the
> premises, if appropriate; (4) all other practical problems that would
> make the trial of the case easy, expeditious and inexpensive; (5)
> whether or not the controversy is dependent upon the application of
> Delaware law which the courts of this State more properly should
> decide than those of another jurisdiction; and (6) the pendency or
> nonpendency of a similar action in another jurisdiction.[6]

When the Delaware action is the only-filed the Court applies the

overwhelming hardship standard.[7]  That is, the Court "must focus on whether the

defendant has demonstrated with particularity, . . . that litigating in Delaware would

result in an overwhelming hardship."[8]

---

[2]    *Candlewood Timber Gp., LLC v. Pan. Am. Energy, LLC*, 859 A.2d 989, 998 (Del. 2004); *Mar-Land Indus. Contractors, Inc. v. Caribbean Petro. Ref., L.P.*, 777 A.2d 774, 778 (Del. 2001).

[3]    *In re Citigroup, Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 117 (Del. Ch. 2009) (citing *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1199 (Del. 1997)); *see Taylor*, 689 A.2d at 1199 ("An action may not be dismissed upon bare allegations of inconvenience without a particularized showing of the hardships relied upon.").

[4]    *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 253 A.3d 93, 97 (Del. 2021) ("*GXP Cap. II*").

[5]    *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036-37 (Del. 2017) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. Ch. 1964)).

[6]    *Id.* at 1036-37 (cleaned up).

[7]    *Id.* at 1037 (citation omitted).

[8]    *Mar-Land Indus. Contractors, Inc.*, 777 A.2d at 779.

Tristate and Crown contend that if they are required to litigate this action in Delaware, they will suffer overwhelming hardship. To these defendants this is a personal injury action where the accident occurred in South Dakota, all of the evidence is in South Dakota and the law to be applied is South Dakota law - the fact that the parties are Delaware businesses shouldn't be determinative.

Plaintiff maintains that litigating in Delaware will not be an overwhelming hardship and that this Court should respect plaintiffs' choice of forum.

## IV. DISCUSSION

The Delaware action is the only action filed in this dispute; so the Court here applies the overwhelming hardship standard to determine whether dismissal is warranted.[9] This standard "is not intended to be preclusive," but "is intended as a stringent standard that holds defendants who seek to deprive a plaintiff of [its] chosen forum to an appropriately high burden."[10] Accordingly, the Court must determine whether defendants "ha[ve] shown that the *forum non conveniens* factors weigh so overwhelmingly in [its] favor that dismissal of the Delaware litigation is required to avoid undue hardship and inconvenience to [it]."[11] As now explained, Tri-state and Crown have not done so here.

---

[9] *See generally GXP Cap. I*, 234 A.3d at 1194 ("When the Delaware case is the first action filed, relief via *forum non conveniens* is available only in the face of 'overwhelming hardship' from Delaware litigation." (citation omitted)).
[10] *Martinez v. E.I. DuPont de Nemours & Co., Inc.*, 86 A.3d 1102, 1105 (Del. 2014) ("*Martinez II*") (citations omitted).
[11] *Id.* at 1106.

## A. THE RELATIVE EASE OF ACCESS TO PROOF

The first *forum non* factor is "the relative ease of access to proof."[12] Defendants must "make a particularized showing that witnesses, documents, or other evidence necessary to defend the allegations contained in the complaint cannot be brought to or otherwise produced in Delaware."[13] Defendants argue that the witnesses, documents, and evidence are all located in South Dakota. Defendants point to Plaintiffs' Answers to Form 30 Interrogatories as proof of this fact. This Court's review of the Plaintiffs' Answers to Form 30 Interrogatories leads it to conclude that any lay witnesses to the accident and the investigating police officers are located in South Dakota. However, it is not clear whether any of the witnesses were actual eyewitnesses. While it is clear that the investigating police officer and Mr. Akkerman will need to be deposed they can easily be issued out of state subpoenas to testify in South Dakota. And at least as to Akkermann there seems little question that the defendants would produce him live for trial in Delaware if they choose to do so. As for potential medical witnesses 14 of the 15 treating physicians are located in South Dakota. However, given this Courts experience it seems highly likely that only a few of them, and probably only one, would be called as trial witnesses. Additionally, treating medical witnesses typically do not actually appear in person at trial. As for the negligent hiring and training claim any such witnesses would not

---

[12] *Id.* at 1104 (citing *Cryo-Maid*, 198 A.2d at 684).
[13] *Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Refining, L.P.,* **777** A.2d 774 (Del. Supr. 2001).

be Delaware based. As for lay damage witnesses it would appear that such witnesses are probably from Canada as that is where the plaintiff lived.  This factor slightly favors the defendants.

## B. THE AVAILABILITY OF COMPULSORY PROCESS FOR WITNESSES

The second consideration is tied closely to the first *Cryo-Maid* factor.[14]  Here, the Court must evaluate whether "another forum would provide a substantial improvement as to the number of witnesses who would be subject to compulsory process."[15]  While in some circumstances important, this factor is not dispositive.[16]

Defendants maintain that this factor weighs heavily in its favor because this Court would be unable to compel South Dakota residents to testify at trial.  None of the witnesses listed in Form 30 live in Delaware. Defendants are correct that this Court could not compel these witnesses to come to Delaware to testify. However, the number of South Dakota witnesses that are likely to testify at trial is probably limited to two or three and one of them would be Akkermann who will undoubtedly be produced by defendants if they so choose.  This factor slightly favors the defendants.

## C. THE POSSIBILITY OF A VIEW OF THE PREMISES

The third factor is a possibility of a view of the premises.[17] The premise is the accident site, which is located on Interstate 29 in Deuel County, South Dakota.  Most

---

14  *Barrera v. Monsanto Co.*, 2016 WL 4938876, at *6 (Del. Super. Ct. Sept. 13, 2016).
15  *Mt. Hawley Ins. Co. v. Jenny Craig, Inc.*, 668 A.2d 763, 769 (Del. Super. Ct. 1995) (citation omitted).
16  *Focus Fin. P'rs, LLC v. Holsopple*, 250 A.3d 939, 974 (Del. Ch. 2020).
17  *Gramercy Emerging Mkts. Fund*, 173 A.3d at 1036-37 (citing *Cryo-Maid*, 198 A.2d at 684).

often, this factor holds "little to no weight"[18] "[e]ven in a case where there was a relevant 'premises' that the fact-finder might want to 'view.'"[19] A live view of premises in this day and age of google maps and similar tools continues to hold little weight. In this case it does not favor dismissal.

## D. THE APPLICABILITY OF DELAWARE LAW

The fourth factor centers on "whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction."[20] In *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, the Delaware Supreme Court explained:

> If, as our jurisprudence holds, significant weight should be accorded the neutral principle that important and novel issues of Delaware law are best decided by Delaware courts, then it logically follows that our courts must acknowledge that important and novel issues of other sovereigns are best determined by their courts where practicable.[21]

The parties agree that South Dakota law governs this action."[22] This Court is fully equipped to (and often does) interpret and apply foreign law in tort cases. In this case this factor adds little, if any, weight to the dismissal side.

## E. THE PENDENCY OR NONPENDENCY OF A SIMILAR ACTION OR ACTIONS IN ANOTHER JURISDICTION

The parties agree there are no similar pending actions in any other

---

[18]  *Hall v. Maritek Corp.*, 170 A.3d 149, 162 (Del. Super. Ct. 2017) (citation omitted).
[19]  *Hamilton P'rs, L.P. v. Englard*, 11 A.3d 1180, 1212 n.17 (Del. Ch. 2010) (citation omitted).
[20]  *Martinez II*, 86 A.3d at 1104, 1109 (citing *Cryo-Maid*, 198 A.2d at 684).
[21]  *Id.* at 1109-10 (internal citations omitted).
[22]  Pls' Resp. at 10; Defs' Motion to Dismiss at 15.

jurisdiction.[23]  "The absence of another pending litigation weighs significantly against granting a *forum non conveniens* motion."[24]  This factor, while not dispositive, is significant and is only overcome "in the most compelling circumstances."[25]  Without another suit pending in another jurisdiction plaintiffs would essentially be forced "to start anew" if a dismissal were granted.[26]  But having to start anew where the applicable South Dakota statute of limitations is not yet run and an Answer hasn't been filed causes little hardship to the plaintiff.

So this factor favors litigation of this matter in Delaware.

## F.  OTHER PRACTICAL CONSIDERATIONS.

The final factor examines "all other practical problems that would make the trial of the case easy, expeditious and inexpensive."[27]  Tri-State and Crown repeat Delaware's more jurisdictional hook for entity Defendants certainty is insufficient to allow the litigation to proceed here."[28, 29]

Plaintiffs maintain that in order for Defendants to meet their burden they must demonstrate that the hardship is substantial and overwhelming and not merely more convenient.[30]

When the Cryo-Maid factors are considered they only slightly favor the grant

---

[23]  Def.s' Mot. to Dismiss at 11 n.3; Pl.s' Answering Br. at 7.
[24]  *Berger*, 906 A.2d at 137 (citing cases).
[25]  *Id.*
[26]  *Parvin v. Kaufmann*, 236 A.2d 425, 427 (Del. 1967).
[27]  *Martinez II*, 86 A.3d at 1104 (citing *Taylor*, 689 A.2d at 1198-99).
[28]  Defs' Motion to Dismiss at 18.
[29]  citing Defs' Mot. to Dismiss at 21-22 (noting "the majority of material witnesses live within a short distance of the Guilford County, North Carolina courthouse," which is located only fourteen miles from the Property).
[30]  Pls' Resp. at 9 (*Ryan v. Gifford,* 918 A.2d 341, 351 (Del. Ch. 2007); *Berger,* 906 A.2d.

9

of dismissal. Given the standard that dismissal should occur only in rare cases and only where an overwhelming hardship has been shown, this Court is not persuaded that overwhelming hardship has been shown to the point where the plaintiffs' choice of forum should be disturbed. For these reasons Defendants' Motion to Dismiss is DENIED.

## V. CONCLUSION

For the above stated reasons Defendants' Motion to Dismiss is DENIED. Plaintiffs' Motion to Permit Discovery on Facts Relevant to Choice of Law is DENIED as Moot.

**IT IS SO ORDERED**.

*Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

/jb
*Filed via File & ServeXpress*

10