# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE OLSON, individually, and as )
Personal Representative of the estate )
of JONATHAN OLSON, deceased, )
                                     )
         Plaintiffs, )
                                     )     Case No.: N23C-08-172 FJJ
    v. )
                                     )
AMR GP HOLDINGS, LLC, )
AMRESORTS FOREIGN HOLDINGS, )
L.P.; AMRESORTS HOLDINGS, L.P.; )
HYATT HOTELS CORPORATION, )
HYATT INTERNATIONAL )
CORPORATION, HYATT HOTELS )
MANAGEMENT CORPORATION, )
and HYATT GTLD, LLC., )
                                     )
         Defendants. )

Submitted: February 15, 2024
Decided: March 7, 2024

## OPINION AND ORDER

*On Defendants' Motion to Dismiss Plaintiffs' Complaint*
**DENIED**

Michael C. Heyden, Jr., Esquire and Joseph E. Brenner, Esquire, Gordon, Rees, Scully, Mansukhani, LLP, Wilmington, Delaware, *Attorneys for Defendant.*

David Crumplar, Esquire, Jacobs & Crumplar, P.A., Wilmington, Delaware, *Attorney for Plaintiff.*

**Jones, J.**

Plaintiff Nicole Olson, and on behalf of her husband's, Johnathan Olson, estate ("Plaintiff," "Plaintiffs," or "The Olsons"), who are Maryland residents, allege that Defendants AMR GP Holdings, LLC ("AMR"), AMResorts Foreign Holdings, L.P. ("AMResorts"), AMR Holdings, L.P. ("AMR Holdings"), Hyatt Hotels Corporation ("HHC"), Hyatt International Corporation ("HIC"), Hyatt Hotels Management Corporation ("HHMC"), and Hyatt GTLD, LLC ("HGL") ("Defendant" or "Defendants") were negligent and provided fraudulent misrepresentations, which ultimately caused the death of Mr. Olsen.[1]

AMR is a limited liability company organized under the laws of Delaware, with its principal place of business in Pennsylvania.[2] AMResorts is a limited liability company organized under the laws of Delaware, with its principal place of business in Pennsylvania.[3] AMR Holdings is a former Delaware entity that has been cancelled.[4]

HHC, HIC, and HHMC are corporations organized under the laws of Delaware with their principal place of business in Chicago, IL.[5] HGL is a limited liability partnership organized under the laws of Delaware, with its principal place of business in Chicago, IL.[6]

---

[1] Pl.'s Compl.
[2] Def.'s Mot. to Dismiss at 2.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.* at 2.

The Olsons began planning a vacation to the Dominican Republic in late 2022 to early 2023.[7] Ultimately the Olsons booked a trip to the Breathless Punta Cana Resort and Spa ("Breathless") in the Dominican Republic.[8] On February 22, 2023, the Olsons were attending an event at the Breathless pool when Mr. Olson lost consciousness at the pool and died shortly thereafter.[9]

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 17, 2023, Nicole Olson filed the instant action individually and as the representative of the estate of her late husband, Johnathan Olson ("Complaint"), alleging that the moving defendants were responsible for the death of her husband.[10] The Complaint asserts that "Defendants commissioned a third party to install electrical equipment at the edge of the pool and that the equipment was installed in a manner that exposed the metallic apparatus to the pool water, creating a potentially deadly hazard."[11] The Complaint also alleges that Mr. Olson's death was caused by an electrical shock that occurred when he came "in contact with the metal apparatus at the edge of the pool."[12]

The Complaint names a number of defendants, who the Plaintiff alleges "conducted business as and/or completely controlled Breathless" and acted

---

[7] Pls' Resp. at 3.
[8] *Id.* ¶ 29-30.
[9] *Id.* ¶ 32.
[10] Pl.'s Compl. ¶ 2.
[11] *Id.* ¶ 6.
[12] *Id.* ¶ 33.

through their agents in doing so.[13]  The Complaint is silent as to who operates Breathless.  Defendants contend that they do not own, operate, or manage Breathless,[14] and instead that Breathless is "owned, operated, and managed by Inversiones Ocre Rojo, S.A. ("IOR")."[15]

On November 20, 2023, Defendants filed the instant Motion to Dismiss.[16]  The Motion moves to dismiss the claims against Defendants on the basis of *forum non conveniens*.  Defendants also move to dismiss the complaint under Rule 12(b)(6) for failure to state a claim for relief.

## STANDARD OF REVIEW

### a.  *Superior Court Civil Rule 12(b)(6)*

Standards regarding the less-forgiving Rule 12(b)(6) motion to dismiss are well-settled.  Delaware law requires courts to accept all well-pled allegations as true.[17]  Then, the Court must apply a broad sufficiency test to determine whether a plaintiff may recover under any "reasonably conceivable set of circumstances susceptible of proof under the complaint."[18]  If the complaint "gives general notice as to the nature of the claim asserted against the defendant," Delaware law disallows dismissal.[19]  A complaint is not dismissed "unless it is clearly without

---

[13] *Id.* ¶ 6,9, 13, 17, 20, 23, and 26.
[14] Def.'s Mot. to Dismiss at 3
[15] *Id.*
[16] *Id.*
[17] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).
[18] *See id.* at 535.
[19] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).

merit, which may be either a matter of law or fact."[20]  Further, a complaint's "[v]agueness or lack of detail," alone, is insufficient to grant dismissal.[21]  Thus, if there is a basis upon which the plaintiff may recover, the motion must be denied.[22]

### b. *Forum non conveniens*

"A motion raising *forum non conveniens* is a request that a court possessing both personal and subject matter jurisdiction over an action nevertheless decline to hear it."[23]  A motion to dismiss relying on the doctrine of *forum non conveniens* is granted only in the rare case where undue, overwhelming hardship and inconvenience truly is visited on the protesting defendant hailed here.[24]  Indeed, Delaware courts are "hesitant to grant [relief] based on *forum non conveniens*, and the doctrine is not a vehicle by which the Court should determine [merely] which forum would be most convenient for the parties."[25]  Whether to grant relief via *forum non conveniens* is left to the trial court's discretion.[26]  And when deciding a motion to dismiss invoking *forum non conveniens*, the Court applies the well-worn

---

[20] *Id.*

[21] *Id.*

[22] *See id.*

[23] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 234 A.3d 1186, 1193 (Del. 2020) ("*GXP Cap. I*"), *aff'd*, 253 A.3d 93, 97 (Del. 2021) (citing *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. P'ship.*, 669 A.2d 104, 106 (Del. 1995)).

[24] *Candlewood Timber Gp., LLC v. Pan. Am. Energy, LLC*, 859 A.2d 989, 998 (Del. 2004); *Mar-Land Indus. Contractors, Inc. v. Caribbean Petro. Ref., L.P.*, 777 A.2d 774, 778 (Del. 2001); *Petit v. Tri-State Wholesale Flooring, LLCO*, No. N23C-04-095 FJJ, 2023 WL 4144751 (Del. Super. June 22, 2023).

[25] *In re Citigroup, Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 117 (Del. Ch. 2009) (citing *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1199 (Del. 1997)); *see Taylor*, 689 A.2d at 1199 ("An action may not be dismissed upon bare allegations of inconvenience without a particularized showing of the hardships relied upon.").

[26] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 253 A.3d 93, 97 (Del. 2021) ("*GXP Cap. II*").

*Cryo-Maid* factors.[27]  Those are:

> (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate; (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; (5) whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; and (6) the pendency or nonpendency of a similar action in another jurisdiction.[28]

When the Delaware action is the only action filed, the Court applies the overwhelming hardship standard.[29]  That is, the Court "must focus on whether the defendant has demonstrated with particularity, . . . that litigating in Delaware would result in an overwhelming hardship."[30]

## DISCUSSION

### *FORUM NON CONVENIENS*

Defendants contend that if they are required to litigate this action in Delaware, they will suffer overwhelming hardship.[31]  Defendants contend that they each would struggle to collect and compel necessary evidence, apply a foreign country's law, and prepare a meaningful defense; the accident occurred in the Dominican Republic, all of the evidence is in Dominican Republic, and the law to be applied is Dominican Republic law - the fact that the parties are Delaware

---

[27] *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036-37 (Del. 2017) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. Ch. 1964)).
[28] *Id.* at 1036-37 (cleaned up).
[29] *Id.* at 1037 (citation omitted); *Petit v. Tri-State Wholesale Flooring, LLCO*, 2023 WL 4144751.
[30] *Mar-Land Indus. Contractors, Inc.*, 777 A.2d at 779.
[31] *Id.* at 11.

5

businesses shouldn't be determinative.[32]

Plaintiff maintains that litigating in Delaware will not be an overwhelming hardship and that this Court should respect Plaintiffs' choice of forum.

The Delaware action is the only action filed in this dispute; so the Court here applies the overwhelming hardship standard to determine whether dismissal is warranted.[33] This standard "is not intended to be preclusive," but "is intended as a stringent standard that holds defendants who seek to deprive a plaintiff of her chosen forum to an appropriately high burden."[34] Accordingly, the Court must determine whether defendants "ha[ve] shown that the *forum non conveniens* factors weigh so overwhelmingly in [its] favor that dismissal of the Delaware litigation is required to avoid undue hardship and inconvenience to [it]."[35] As now explained, the Defendants have not demonstrated that in the instant case.

## A. THE RELATIVE EASE OF ACCESS TO PROOF

The first *forum non conveniens* factor is "the relative ease of access to proof."[36] Defendants must "make a particularized showing that witnesses, documents, or other evidence necessary to defend the allegations contained in the complaint

---

[32] Def.'s Mot. to Dismiss at 12.

[33] *See generally GXP Cap. I*, 234 A.3d at 1194 ("When the Delaware case is the first action filed, relief via *forum non conveniens* is available only in the face of 'overwhelming hardship' from Delaware litigation." (citation omitted)).

[34] *Martinez v. E.I. DuPont de Nemours & Co., Inc.*, 86 A.3d 1102, 1105 (Del. 2014) ("*Martinez II*") (citations omitted).

[35] *Id.* at 1106.

[36] *Id.* at 1104 (citing *Cryo-Maid*, 198 A.2d at 684).

cannot be brought to or otherwise produced in Delaware."[37] Defendants argue that the witnesses, documents, and evidence are all located in the Dominican Republic.[38] However, Plaintiff argues that Delaware courts are accustomed to deciding controversies in which the parties are nonresidents of Delaware and although the actual incident that led to Mr. Olsen's death occurred in the Dominican Republic, the key events involving Defendants occurred in the United States (*i.e.*, Defendants' advertisement of the resort and the autopsy of Mr. Olsen).[39]

There are two distinct parts to this case. First is what happened at the pool. There is no question that the evidence on this point favors the Dominican Republic as the proper forum. The second part of the case revolves around the defendants' responsibility for the activities at the resort. This part of the case probably has little to do with events in the Dominican Republic and may very well involve activities in different locations in the United States. But the point is that there has been no particularized showing by Defendants as to where this evidence is located. Given this, at most this factor slightly favors the Dominican Republic as the proper forum.

---

[37] *Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Refining, L.P.,* **777** A.2d 774 (Del. Supr. 2001).
[38] Def.'s Mot. to Dismiss at 12.
[39] Pls' Resp. at 2.

## B. THE AVAILABILITY OF COMPULSORY PROCESS FOR WITNESSES

The second consideration is tied closely to the first *Cryo-Maid* factor.[40] Here, the Court must evaluate whether "another forum would provide a substantial improvement as to the number of witnesses who would be subject to compulsory process."[41] While in some circumstances important, this factor is not dispositive.[42]

Defendants argue that the witnesses, documents, and evidence are all located in the Dominican Republic, so they may be unable to compel witnesses to travel from the Dominican Republic to testify live.[43] This Court's review of the *Plaintiffs' Response Brief in Opposition to Defendants' Motion to Dismiss* leads it to conclude that although some of the lay witnesses to the accident are located in Dominican Republic, testimony from those witnesses could be presented at trial by deposition, which has consistently been an adequate substitute for live testimony. Moreover, there will undoubtedly be testimony from witnesses in the United States that are located in places other than Delaware. These witnesses will undoubtedly be witnesses who are in the control of the Defendants and as such can be readily produced by them here in Delaware. On this basis, this factor does not favor dismissal.

---

[40] *Barrera v. Monsanto Co.*, 2016 WL 4938876, at *6 (Del. Super. Ct. Sept. 13, 2016).
[41] *Mt. Hawley Ins. Co. v. Jenny Craig, Inc.*, 668 A.2d 763, 769 (Del. Super. Ct. 1995) (citation omitted).
[42] *Focus Fin. P'rs, LLC v. Holsopple*, 250 A.3d 939, 974 (Del. Ch. 2020).
[43] Def.'s Mot. to Dismiss at 12.

## C. THE POSSIBILITY OF A VIEW OF THE PREMISES

The third factor is a possibility of a view of the premises.[44] The premise is the accident site, which is located in the Dominican Republic.[45] Most often, this factor holds "little to no weight,"[46] "[e]ven in a case where there was a relevant 'premises' that the fact-finder might want to 'view.'"[47] A live view of a premises in this day and age by way of google maps and similar tools continues to hold little weight for this factor. Moreover, any view of the premises at this point would not be helpful to what was actually occurring on the day of the incident. In this case it does not favor dismissal.

## D. THE APPLICABILITY OF DELAWARE LAW

The fourth factor centers on "whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction."[48] In *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, the Delaware Supreme Court explained:

> If, as our jurisprudence holds, significant weight should be accorded the neutral principle that important and novel issues of Delaware law are best decided by Delaware courts, then it logically follows that our courts must acknowledge that important and novel issues of other sovereigns are best determined by their courts where practicable.[49]

---

[44] *Gramercy Emerging Mkts. Fund*, 173 A.3d at 1036-37 (citing *Cryo-Maid*, 198 A.2d at 684).
[45] Def.'s Mot. to Dismiss at 12.
[46] *Hall v. Maritek Corp.*, 170 A.3d 149, 162 (Del. Super. Ct. 2017) (citation omitted).
[47] *Hamilton P'rs, L.P. v. Englard*, 11 A.3d 1180, 1212 n.17 (Del. Ch. 2010) (citation omitted).
[48] *Martinez II*, 86 A.3d at 1104, 1109 (citing *Cryo-Maid*, 198 A.2d at 684).
[49] *Id.* at 1109-10 (internal citations omitted).

While the parties, suggest that the Dominican Republic law governs this action,"[50] it is unclear to this Court at this point that this is the case. This may very well be a situation where the laws of different jurisdictions apply to different parts of the claim. This Court is fully equipped to (and often does) interpret and apply foreign law (including other state law) in tort cases. Moreover, the Affidavit of Boris d Leon Reyes, provided by Defendants, suggests that this case does not involve novel issues of Dominican Republic Law. In this case this factor does not favor dismissal.

## E. THE PENDENCY OR NONPENDENCY OF A SIMILAR ACTION OR ACTIONS IN ANOTHER JURISDICTION

The parties agree there are no similar pending actions in any other jurisdiction.[51] "The absence of another pending litigation weighs significantly against granting a *forum non conveniens* motion."[52] This factor, while not dispositive, is significant and is only overcome "in the most compelling circumstances."[53] Without another suit pending in another jurisdiction, plaintiffs would essentially be forced "to start anew" if a dismissal were granted.[54] But having to start anew in the Dominican Republic causes significant hardship to the

---

[50] Defs' Motion to Dismiss at 15; Pls' Resp. at 15.
[51] Pls' Resp. at 16.
[52] *Berger*, 906 A.2d at 137 (citing cases).
[53] *Id.*
[54] *Parvin v. Kaufmann*, 236 A.2d 425, 427 (Del. 1967).

Plaintiffs.

So, this factor favors litigation of this matter in Delaware.

**F. OTHER PRACTICAL CONSIDERATIONS**

The final factor examines "all other practical problems that would make the trial of the case easy, expeditious, and inexpensive."[55]

Defendants maintain that the Delaware Supreme Court's decision in *Martinez*[56] compels this Court to dismiss the present action. This Court disagrees. *Martinez* involved 32 Argentine Nationals who claimed they were exposed to asbestos while working at various textile plants in Argentina. The *Martinez* Court expressed concern with the impact on the efficient administration of justice given the number of plaintiffs and cases. In *Martinez*, this factor favored the defendant "because it would be extraordinary expensive, cumbersome, and inconsistent with the efficient administration of justice".[57] For similar reasons, the *Abrahamsen* Court granted a *forum non conveniens* motion involving multiple Norwegian plaintiffs who filed claims in a case where Norwegian law was unsettled.[58] The instant case is not *Martinez* or *Abrahamsen*; it is not one of many cases. This case is one based on a specific set of facts that will not be repeated. Additionally, on the present record, this Court must conclude that this case does not present novel

---

[55] *Martinez II*, 86 A.3d at 1104 (citing *Taylor*, 689 A.2d at 1198-99).
[56] *Martinez v. E.I. DuPont de Nemours and Co., Inc.,* 86 A.3d (Del. Supr. 2014).
[57] *Martinez,* 86 A.3d at 1112 (Del. Supr. 2014)
[58] *Abrahamsen v. Concophillips Company et. al.,* 2014 WL 2884870 (Del. Super. 2014).

11

issues of Dominican Republic law. As laid out in the affidavit of Boris de Leon Reyes, Dominican Republic recognizes the type of claim being made in this case. In short, some of the factors that led to dismissal in *Martinez* and *Abrahamsen* are not present in this case. Acceptance of this case will not affect the efficient administration of justice.

Additionally, Defendants maintain that dismissal is appropriate because third parties may need to be added and that can only occur in the Dominican Republic.[59] While this argument is appealing and some courts, applying federal *forum non conveniens* law,[60] have granted dismissal, it is not enough for this Court to tip the balance for dismissal, especially where the claims against the Defendants are based on independent claims of negligence.

When the Cryo-Maid factors are considered they only slightly favor the grant of dismissal. Given the standard that dismissal should occur only in rare cases and only where an overwhelming hardship has been shown, this Court is not persuaded that overwhelming hardship has been shown to the point where the Plaintiffs' choice of forum should be disturbed. [61]

---

[59] *Tonkon v. Denny's Inc.*, 1987 WL 8837 (E.D. Pa 1987).

[60] *Piper v. Aircraft Co., v. Reyno*, 454 U.S. 235, 259 (1981); and *S.R.J. v. Marriott International, Inc.*, 2022 WL 1130, 6888 (W.D. Pa 2022).

[61] As articulated in Plaintiffs' Response to this Motion, if the facts contained in the affidavits turn out to be true, that may expose the Defendants to liability based on certain representations made advertising materials on the website that were not true.

## FAILURE TO STATE A CLAIM

Defendants also move to dismiss the case because the Complaint fails to state a claim upon which relief may be granted.  First, Defendants complain that the Plaintiffs have not complied with Rule 9(b) because the Complaint does not specify which individual Defendants committed the actions or omissions that caused Plaintiffs' alleged injuries.  Plaintiffs respond that the allegations of the Complaint apply to all Defendants.

Plaintiffs' Complaint clearly alleges that representations were made on a webpage specifically endorsed by all Defendants.  The Complaint specifically notes that the Breathless website also clearly referenced the instant Defendants.  The Breathless website also indicates that Breathless is part of the World of Hyatt.  In short, the Complaint is well plead as to each Defendant.  In addition, these allegations are specific enough to put the Defendants on notice of the time, place, and manner of the fraudulent misrepresentations.

Second, Defendants argue for dismissal because they did not control the resort.  Defendants have produced affidavits that AMR and Hyatt did not have, and do not have, a relationship with Breathless.  At the Motion to Dismiss stage the Plaintiffs get the benefit of all factual inferences.  Those inferences mean that this case survives.  Plaintiffs are entitled to test the Defendants' denials through the discovery process.  At the completion of discovery Defendants may then move

for summary judgment. However, now is not the time.

For the reasons stated herein, Defendants' Motion to Dismiss is **DENIED**.

## CONCLUSION

For the above stated reasons Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

<u>*/s/ Francis J. Jones, Jr.*</u>
Francis J. Jones, Jr., Judge


cc:     Original to Prothonotary

14