IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SNAP! MOBILE, INC., | § | |
| | § | No. 239, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below:  Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2024-0975 |
| SCHOOLFUNDR, INC. and | § | |
| DENNIS LEVENE, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted:  December 3, 2025
Decided:  January 6, 2026

Before **SEITZ**, Chief Justice; **VALIHURA**, and **LEGROW**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears

to the Court that:

(1)    Snap! Mobile, Inc. ("Snap") appeals from the Court of Chancery's

order dismissing Snap's complaint against Schoolfundr, Inc. without prejudice under

the doctrine of *forum non conveniens* and "also" with prejudice for failure to state a

claim under Court of Chancery Rule 12(b)(6).[1]  Snap does not challenge the court's

*forum non conveniens* determination.  Instead, Snap argues that once the court

---

[1] *Snap! Mobile, Inc. v. Schoolfundr, Inc.*, 2025 WL 1342967, at *1 (Del. Ch. May 6, 2025).

dismissed the case on *forum non conveniens* grounds, it erred as a matter of law by additionally entering a merits dismissal with prejudice. We review questions of law—including whether the trial court applied the appropriate legal standard in considering a motion to dismiss—*de novo*.[2]

(2)    A motion to dismiss invoking *forum non conveniens* is treated as a motion for improper venue under Court of Chancery Rule 12(b)(3).[3] Under Court of Chancery Rule 41(b), a dismissal for improper venue does not operate as an adjudication on the merits and does not bar a subsequent action in an appropriate forum.[4] Once a court determines that an action should be dismissed on *forum non conveniens* grounds, it has decided that the case should proceed, if at all, elsewhere, and the court should refrain from adjudicating the sufficiency of the pleadings on the merits.[5]

---

[2] *Mar-Land Indus. Contrs., Inc. v. Caribbean Petroleum Ref., L.P.*, 777 A.2d 774, 777 (Del. 2001).

[3] *Focus Financial Partners, LLC v. Holsopple*, 250 A.3d 939, 952 (Del. Ch. 2020) ("A motion invoking the doctrine of *forum non conveniens* proceeds under Rule 12(b)(3) and seeks dismissal on grounds of improper venue."); *Lefkowitz v. HWF Hldgs., LLC*, 2009 WL 3806299, at *3 (Del. Ch. Nov. 13, 2009) (treating a *forum non conveniens* request as a Rule 12(b)(3) improper venue motion).

[4] Ct. Ch. R. 41(b).

> Unless the Court in its order for dismissal otherwise specifies, a dismissal under this paragraph and any dismissal not provided for in this Rule, *other than a dismissal for lack of jurisdiction or for improper venue*, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

(emphasis added).

[5] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (stating that a *forum non conveniens* dismissal "den[ies] audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere").

(3) Our cases are consistent with that approach. When we have concluded that a dismissal on *forum non conveniens* grounds was proper, we have declined to address the merits.[6] The Court of Chancery likewise has repeatedly declined to address a Rule 12(b)(6) motion after dismissing on *forum non conveniens* grounds.[7]

(4) We therefore agree with Snap that the Court of Chancery erred as a matter of law in entering a Rule 12(b)(6) dismissal after determining that the action should be dismissed on *forum non conveniens* grounds. Because Snap has not appealed the *forum non conveniens* holding, we leave that dismissal undisturbed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is REVERSED to the extent that it dismissed Snap's claims against Schoolfundr with prejudice.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[6] *See, e.g., Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014) (dismissing on *forum non conveniens* grounds and therefore finding it "unnecessary and inappropriate to express an opinion on the underlying . . . merits of the case").

[7] *See, e.g., Sylebra Capital Partners Master Fund, Ltd. V. Perelman*, 2020 WL 5989473, at *8 (Del. Ch. Oct. 9, 2020) ("It is best for a court dismissing on venue grounds to avoid addressing the merits of claims, lest that gratuitous analysis confound the analysis of the court where venue properly lies."); *Merinoff v. Empire Merchants, LLC*, 2017 WL 464525, at *1 (Del. Ch. Feb. 2, 2017) (holding that because the complaint "must be dismissed under Rule 12(b)(3) for improper venue, I do not reach the parties' arguments under Rule 12(b)(6)"); *Naples Ctr. For Dermatology & Cosmetic Surgery v. Trisan*, 2025 WL 1276207, at *4 (Del. Ch. May 2, 2025) (declining to address the merits after dismissing under Rule 12(b)(3)).